### KANSAS, OKLA. & GULF R. CO. v. PRYOR.

No. 30649. March 30, 1943.

*135 P. 2d 489.*

Frank T. McGraw, Charles P. Gotwals, and James D. Gibson, all of Muskogee, for plaintiff in error.

Pryor & Wilbanks, of Holdenville, for defendant in error.

HURST, J. Plaintiff, Pryor, sued to recover for damages to his farm caused by the overflow of water from two culverts constructed and maintained by the defendant, Kansas, Oklahoma & Gulf Railway Company. The parties waived a jury and tried the cause to the court. Judgment was rendered for plaintiff, and defendant appeals.

Defendant's line of railroad traverses plaintiff's farm, crossing a small natural watercourse which runs through it. In 1919, defendant, in order to take care of the water, constructed a culvert of 48-inch concrete pipe under its tracks. This culvert became partly obstructed, and in 1937 the defendant constructed another and larger culvert at a point about 50 feet west of the old culvert and where the channel of the watercourse intersected its tracks.

The water flowing through the old culvert emptied into a ditch on the south of the right of way and flowed through the ditch back to the channel of the watercourse. The new culvert crossed the tracks diagonally following the true channel of the watercourse. It carried a much larger volume of water than the old culvert. The water ran through both. Plaintiff's witnesses testified that the water flowing through the new culvert during floods backed up in the ditch, held back the water flowing through the old culvert, and prevented it from running through the ditch into the channel, and that as a result the ditch became filled with sand and soil deposited therein by water from both culverts until the flood water from the old culvert, and some from the new one, flowed over the bank of the ditch, and across a portion of plaintiff's farm below defendant's tracks, causing the damage complained of. Defendant's witnesses testified that the obstruction of the ditch, and the flow of water across the land of plaintiff, was caused by the filling of the ditch by plaintiff's tenants in order to make a road crossing. This was denied by plaintiff's witnesses.

The trial court, after hearing the evidence, inspected the premises and found that the diversion of the water, and the resulting damage to the land, was due to the causes testified to by plaintiff's witnesses.

The decisive question is whether defendant is liable for the damage to plaintiff's land under the facts established at the trial. Defendant admits that it is liable for negligence in maintaining its culverts, but argues that the plaintiff's evidence is insufficient to establish negligence on its part. There is evidence that if the culverts had been placed side by side, or if only one of the culverts had been used, the damage complained of would not have resulted. The court was justified in finding that the defendant was guilty of negligence in this respect which proximately caused the injury complained of.

The trial court did not commit error in refusing to make the conclusions of law requested by the defendant, which were not applicable to the facts found by the court.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.