2013 OK 88

**Rachel HOLLEY, Plaintiff/Appellee,**

v.

**ACE AMERICAN INSURANCE COMPANY and Unit Corporation, Defendants/Appellants.**

No. 110247.

Supreme Court of Oklahoma.

Oct. 22, 2013.

---

Rex Travis & Paul Kouri, Travis Law Office, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Brandy L. Shores, Latham, Wagner, Steele & Lehman, Tulsa, Oklahoma, for Defendants/Appellants.

REIF, V.C.J.

¶ 1 This Court is asked to decide whether Oklahoma law prohibiting subrogation of workers' compensation death benefits prevents Ace American Insurance Company (Insurer) from recouping death benefits it has paid to the widow of an Oklahoma worker killed at a jobsite in Texas. Insurer paid widow death benefits provided by Texas law and is seeking subrogation from tort damages widow also recovered in a Texas wrongful death case.

¶ 2 Insurer and widow agree that (1) the deceased worker's contract for employment was made in Oklahoma, (2) worker was killed in the scope of his employment at employer's jobsite in Texas, and (3) widow could elect to receive workers' compensation death benefits under either Texas law or Oklahoma law. The parties further agree that widow recovered both workers' compensation death bene-

fits from employer and tort damages from third parties as provided by Texas law. They disagree, however, over the law that governs insurer's right to be subrogated from widow's tort damages to the extent of the workers' compensation death benefits it paid widow.

¶ 3 Insurer has basically argued that Texas law allowing subrogation applies, because the workers' compensation death benefits and widow's tort recovery were **both** based on Texas law. The gist being that Oklahoma law cannot be applied, because widow did not invoke Oklahoma law to be compensated for the loss of her husband. In contrast, Widow has basically contended that her election to receive compensation for the loss of her husband under Texas law did not waive other rights given under Oklahoma workers' compensation law as a consequence of the deceased worker's Oklahoma contract of employment. In essence, Widow asserts that Oklahoma's subrogation prohibition applies to all benefits paid for the job-related death of an Oklahoma worker including those provided by Texas law or any other jurisdiction.

¶ 4 Widow brought a declaratory judgment suit to resolve this controversy. The trial court ruled in favor of widow. Upon appeal by Insurer, the Court of Civil Appeals agreed that widow could seek other "benefits" under Oklahoma law, notwithstanding her election to seek compensation under Texas law. However, the Court also concluded that statutory law required widow to commence a proceeding by filing a claim to preserve and pursue further "benefits," like the subrogation prohibition. Noting that widow had never filed a claim with the Oklahoma Workers' Compensation Court, the Court of Civil Appeals ruled Texas law allowing subrogation applied, and not Oklahoma's anti-subrogation rule. Widow filed a petition for certiorari, seeking review of the opinion of the Court of Civil Appeals. This Court has previously accepted this case for review.

¶ 5 The resolution of the controversy between the parties has required the trial court and Court of Civil Appeals to construe Oklahoma statutory law set forth in 85 O.S. 2001, § 4 [1] and 85 O.S.Supp.2005, § 44(b) [2].

1. Title 85 O.S.2001, § 4 (later repealed by Laws 2011, but in effect at the time of the death the worker) provides, in pertinent part, that:

From and after the passage and effective date of the Workers' Compensation Act, all the provisions of the Workers' Compensation Act of this state, Sections 1 et seq. of this title, shall apply to employers and to employees, irrespective of where accident resulting in injury may occur, whether within or without the territorial limits of the State of Oklahoma, when the contract of employment was entered into within the State of Oklahoma, and the said employee was acting in the course of such employment and performing work outside the territorial limits of this state under direction of such employer. In such case the injured employee may elect to commence and maintain his action for benefits and compensation in the State of Oklahoma as provided in the Workers' Compensation Act and the Court is hereby vested with jurisdiction thereof as fully as if such injury or accident had occurred within this state. Such right of election shall, however, not preclude the injured employee from recovering any benefits or compensation provided under any law of the state where injury occurred, and if such action be so commenced in such other state, or under the law of another state, and is prosecuted to final determination, such employee shall thereupon be precluded from his right of action under the Workers' Compensation Act of this state. Provided, the injured employee may exercise his right of election to file his claim or

commence his said action or proceeding in the State of Oklahoma, at any time prior to final adjudication or determination of his rights under the laws of another state, and the fact that he shall have been furnished or provided with medical, surgical, hospital or other treatment care, or paid temporary disability compensation in such other state, or under the laws thereof, shall not preclude such injured employee from recovering further benefits and compensation under the Workers' Compensation Act of this state. Provided, further, no award made by the Court of this state shall include any compensation paid by the employer or insurance carrier before commencement of the action or proceeding in this state and any payments so made shall be treated as compensation voluntarily paid and credit therefor shall be allowed.

2. Title 85 O.S.Supp.2005, § 44(b), (later repealed by Laws 2011 and replaced by 85 O.S.2011, § 348 allowing subrogation), provides:

(b) Notwithstanding subsection (d) of this section, the employer or his insurance carrier shall not have the right of subrogation to recover money paid by the employer or his insurance carrier for death claims or death benefits under the Workers' Compensation Act from third persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no death claim or

This was the applicable law at the time of the worker's death on July 29, 2008. Statutory construction presents a question of law and lower court rulings in this regard are reviewed de novo. *State ex rel. Oklahoma Tax Comm'n v. Sun Co.*, 2009 OK 11, ¶ 8, 222 P.3d 1046, 1048.

¶ 6 The text of § 4 makes it clear that an Oklahoma employment contract is protected by "all the provisions of the Workers' Compensation Act of this state . . . irrespective of where accident resulting in injury may occur." The text of § 44(b) similarly unequivocally provides that: "[T]he employer or his insurance carrier shall not have the right of subrogation to recover money paid . . . for death claims or death benefits under the Workers' Compensation Act."

¶ 7 The chief problem with the holding of the Court of Civil Appeals lies in construing the prohibition on seeking subrogation as a "benefit." Not every valuable right under the Workers' Compensation Act is a "benefit." *See First Nat'l Bank of Belleville v. Paul Hughes Trucking Co.*, 1982 OK CIV APP 23, ¶¶ 6–10, 645 P.2d 1054, 1055 (interest on an unpaid award is not a benefit). The statutory prohibition against subrogation is not a "benefit," but rather a public policy protection and substantive element of the right to receive and obligation to pay death benefits.

¶ 8 "The right of an employee to compensation arises from the contractual relationship existing between the employee and the employer on the date of injury, and the statutes then in force form part of that contract and determine the substantive rights and obligations of the parties." *Knott v. Halliburton Services*, 1988 OK 29, ¶ 4, 752 P.2d 812, 813. "The right to compensation and the obligation to pay such benefits are **vested,** and become **fixed by law** at the time of the injury." *Id.* (emphasis added). More particularly, this Court has said "Rights of survivors of a deceased employee [to] claim death benefits . . . become fixed upon date of death and are determinable under the law in effect on that date." *Independent School*

*District No. 89 v. McReynolds,* 1974 OK 136, 528 P.2d 313 (syllabus).

¶ 9 On July 29, 2008, the date of deceased worker's death, the statutory and contractual obligation of employer and insurer to pay death benefits contained the express element that this obligation was without a right of subrogation. The coordinate right of the deceased Oklahoma worker and his dependents that became vested and fixed by law was to receive death benefits free from any right of subrogation on the part of employer or insurer. The obligation and right were thus established "irrespective of where accident resulting in injury may occur." The legislature evinced no intent to make this element of the death benefit obligation and right dependent upon (1) the amount of the death benefit, (2) the forum in which death benefits are determined, or (3) the jurisdiction in which a widow or other dependent might seek compensation from third parties.

¶ 10 This conclusion is further supported by reading sections 4 and 44 together. Section 44(b) prohibits subrogation of *"money paid* by the employer or his insurance carrier for death claims or death benefits *under the Workers' Compensation Act."* § 44(b) (emphasis added). Under section 4, dependents of an Oklahoma worker who is killed while working in another state can obtain death benefits under the Workers' Compensation Act in one of two ways. The dependents can either (1) "commence and maintain [an] action for benefits and compensation in the State of Oklahoma," or (2) receive "benefits or compensation provided under any law of the state where injury [or death] occurred." If the benefits or compensation paid under the laws of another state result from a final determination of an action in the other state, the dependents are "precluded from [a] right of action under the Workers' Compensation Act of this state." The context indicates they are precluded from a right of action in Oklahoma for benefits or compensation. This is the only express consequence of an election to receive "benefits or compensation" under the laws of another state. Nothing in section 4 changes the fact

death benefits under the Workers' Compensation Act.

that death benefits paid under the law of another state (whether by adjudicated claim or not) constitute "money paid by the employer or his insurance carrier ... under the Workers' Compensation Act," and are thus protected from subrogation.

¶ 11 In addition to the foregoing considerations, the protection of death benefits from subrogation, like the exemption of benefits from creditors' claims provided by 85 O.S.Supp.2005, § 48, is a general public policy protection provided by Oklahoma's Workers' Compensation Act. Any doubt about the application of such protections should be resolved in favor of the protection. *See In re Allen's Guardianship*, 1938 OK 271, 182 Okla. 512, 78 P.2d 700.

¶ 12 Finally, we find nothing in the Workers' Compensation Act to indicate that the recipient of death benefits could only enforce general policy protections, like the subrogation prohibition and the creditors' exemption, by filing a claim with the Oklahoma Workers' Compensation Court. An effort by a widow or dependent to enforce either the subrogation prohibition or creditors' exemption does not involve prosecution of an action for "recovering further benefits and compensation," as provided by § 4; it is simply the assertion of a public policy protection that vests and becomes fixed at the time of the deceased worker's death.

¶ 13 In conclusion, we hold the trial court correctly construed and applied 85 O.S.2001, § 4 and 85 O.S.Supp.2005, § 44(b), in ruling that Insurer could not seek subrogation for death benefits it paid widow for her husband's job-related death on July 29, 2008. The fact that the amount of the benefits was determined by Texas law is immaterial to the existence and enforcement of the parties' rights and duties under Oklahoma law concerning the issue of subrogation. In addi-

tion, we hold the trial court's declaratory judgment in favor of widow on this issue was a proper way to resolve the actual controversy between widow and Insurer over Insurer's claimed right to subrogation. 12 O.S.Supp. 2004, § 1651.[3] Widow was not required to file a claim with the Oklahoma Workers' Compensation Court to decide this issue, despite the fact that this issue concerned a right and obligation founded on the Oklahoma's Workers' Compensation Act. The provision in § 44(b) prohibiting subrogation in death benefit cases was not "compensation" or a "benefit" that the workers' compensation court could award or withhold. It was instead a substantive element of the right to receive and the obligation to pay death benefits that became vested and fixed on July 29, 2008, upon worker's death.

¶ 14 Based on the foregoing considerations, we conclude the Court of Civil Appeals erred in construing the applicable law and in reversing the judgment of the trial court. Accordingly, we vacate the opinion of the Court of Civil Appeals and affirm the judgment of the trial court.

## CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED.

¶ 15 COLBERT, C.J., REIF, V.C.J., WATT, EDMONDSON, and GURICH, JJ., concur.

¶ 16 KAUGER (separate writing), WINCHESTER, TAYLOR, and COMBS, JJ., dissent.

KAUGER, J., with whom WINCHESTER, TAYLOR, COMBS, JJ., join dissenting.

¶ 1 This cause arose when an Oklahoma worker, Appellee's husband, was killed at

---

3.  District courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any foreign judgment or decree, deed, contract, trust, or other instrument or agreement or of any statute, municipal ordinance, or other governmental regulation, whether or not other relief is or could be claimed, except that no declaration shall be made concerning liability or non-liability for damages on account of alleged tortious injuries

to persons or to property either before or after judgment or for compensation alleged to be due under workers' compensation laws for injuries to persons. The determination may be made either before or after there has been a breach of any legal duty or obligation, and it may be either affirmative or negative in form and effect; provided however, that a court may refuse to make a determination where the judgment, if rendered, would not terminate the controversy, or some part thereof, giving rise to the proceeding.

employer Unit Corporation's job-site in Texas. It is not disputed that: 1) the husband's contract for employment was made in Oklahoma; 2) he was killed in the scope of his employment at his employer's job-site in Texas; 3) his widow (wife) could have elected to receive workers' compensation death benefits under either Texas law or Oklahoma law; and 4) the wife recovered workers' compensation death benefits and tort damages from third parties as provided by Texas law.

¶ 2 While receiving death benefits provided under Texas law, the wife settled a third-party wrongful death claim. Insurer pursued subrogation in accordance with its statutory right under Texas' workers' compensation law. The wife filed suit for a declaratory judgment in Roger Mills County, Oklahoma, against both the employer and insurer alleging that Oklahoma law prohibited subrogation of death benefits paid for the job-related death of an Oklahoma worker covered by the Oklahoma Workers' Compensation Act (the Act)-even benefits awarded under Texas law or the law of another jurisdiction. The trial court ruled in favor of the wife, but on appeal by the insurer,

the Court of Civil Appeals held that because the wife had never filed a claim with the Oklahoma Worker's Compensation Court, the law of Texas allowing subrogation applied, rather than Oklahoma Worker's Compensation law prohibiting subrogation.

¶ 3 The majority holds that the Act's prohibition on subrogation in death benefit cases was a substantive element of the right to receive and obligation to pay death benefits that became vested at the time of injury, and therefore applied to all benefits wife was entitled to recover, without regard to the jurisdiction that awarded them. I disagree, and believe that the majority misconstrues the relevant statutory provisions.

¶ 4 The relevant statutes in effect at the time of the husband's death on July 29, 2008, were found at 85 O.S.2001 § 4[1] and 85 O.S. Supp.2005 § 44(b).[2] The majority places great emphasis on the first sentence of 85 O.S.2001 § 4, which provided:

[f]rom and after the passage and effective date of the Workers' Compensation Act, all the provisions of the Workers' Compensa-

1. Title 85 O.S.2001 § 4 provides in pertinent part:

From and after the passage and effective date of the Workers' Compensation Act, all the provisions of the Workers' Compensation Act of this state, Sections 1 et seq. of this title, shall apply to employers and to employees, irrespective of where accident resulting in injury may occur, whether within or without the territorial limits of the State of Oklahoma, when the contract of employment was entered into within the State of Oklahoma, and the said employee was acting in the course of such employment and performing work outside the territorial limits of this state under direction of such employer. In such case the injured employee may elect to commence and maintain his action for benefits and compensation in the State of Oklahoma as provided in the Workers' Compensation Act and the Court is hereby vested with jurisdiction thereof as fully as if such injury or accident had occurred within this state. Such right of election shall, however, not preclude the injured employee from recovering any benefits or compensation provided under any law of the state where injury occurred, and if such action be so commenced in such other state, or under the law of another state, and is prosecuted to final determination, such employee shall thereupon be precluded from his right of action under the Workers' Compensation Act of this state. Provided, the injured employee may exercise his right of election to file his claim or

commence his said action or proceeding in the State of Oklahoma, at any time prior to final adjudication or determination of his rights under the laws of another state, and the fact that he shall have been furnished or provided with medical, surgical, hospital or other treatment care, or paid temporary disability compensation in such other state, or under the laws thereof, shall not preclude such injured employee from recovering further benefits and compensation under the Workers' Compensation Act of this state. Provided, further, no award made by the Court of this state shall include any compensation paid by the employer or insurance carrier before commencement of the action or proceeding in this state and any payments so made shall be treated as compensation voluntarily paid and credit therefor shall be allowed....

2. 85 O.S. Supp.2005 § 44(b) provides:

(b) Notwithstanding subsection (d) of this section, the employer or his insurance carrier shall not have the right of subrogation to recover money paid by the employer or his insurance carrier for death claims or death benefits under the Workers' Compensation Act from third persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no death claim or death benefits under the Workers' Compensation Act.

tion Act of this state, Sections 1 et seq. of this title, shall apply to employers and to employees, **irrespective of where accident resulting in injury may occur, whether within or without the territorial limits of the State of Oklahoma, when the contract of employment was entered into within the State of Oklahoma,** and the said employee was acting in the course of such employment and performing work outside the territorial limits of this state under direction of such employer.[3] (Emphasis supplied).

Neither side disputes that, under this section, the wife would have been entitled to file a claim or commence an action to recover death benefits pursuant to the Act even though the injury did not occur in Oklahoma.

¶ 5 However, the first sentence of 85 O.S. 2001 § 4 cannot be read in isolation. The words, phrases, and sentences of a statute are to be understood as used, not in any abstract sense.[4] Words used in a part of a statute must be interpreted in light of their context and understood in a sense which best harmonizes with all other parts of the statute.[5] When read in its entirety, the true intent of § 4 as a right of election provision for the injured employee becomes evident.

¶ 6 The second sentence of 85 O.S.2001 § 4 indicates that the injured employee has a choice of how to pursue their right to recover. It states:

[s]uch **right of election** shall, however, not preclude the injured employee from recovering any benefits or compensation provided under any law of the state where injury occurred, and if such action be so commenced in such other state, or under the law of another state, and is prosecuted to final determination, such **employee shall thereupon be precluded from his right of action under the Workers' Com-**

pensation Act of this state. (Emphasis supplied).

Title 85 O.S.2001 § 4 then provides:

... [t]the injured employee **may exercise his right of election** to file his claim or commence his said action or proceeding in the State of Oklahoma, at any time **prior to final adjudication or determination of his rights under the laws of another state.** (Emphasis supplied).

¶ 7 The wording of the statute creates a choice between two different paths: pursue the right to recover under the Act in Oklahoma, subject to its provisions, or elect to have the right to recover and associated benefits adjudicated under the laws of another state. An injured party cannot have their right to recover adjudicated in both places: they can start out on both paths, but once an action to recover in another state is prosecuted to a final determination, an injured party has no right of action under the Act. The statute indicates that it is not just benefits that an injured employee may elect to have determined under the laws of another state, but also his/her "rights".[6]

¶ 8 In *Pryse Monument Co. v. District Court of Kay County,* 1979 OK 71, 595 P.2d 435, this court examined another right of election provision under a prior incarnation of Oklahoma workers' compensation law. That cause concerned the right of election either to pursue remedies against an employer through the workers' compensation statutes or in tort. We said of the choice:

One who sustains an on-the-job injury while employed in a business which remains impermissibly uninsured though it is governed by the Workmen's Compensation Act has been given two distinct remedies for vindication of his Single, statutorily-conferred right to recover.... Waiver by election will preclude the claimant from vexing the employer with a second suit.

---

3. Title 85 O.S.2001 § 4, see note 1, supra.

4. *Matter of Estate of Little Bear,* 1995 OK 134, ¶ 22, 909 P.2d 42; *State ex rel. Rucker v. Tapp,* 1963 OK 37, ¶ 11, 380 P.2d 260.

5. *Matter of Estate of Little Bear,* see note 4, supra.

6. Title 85 O.S.2001 § 4 provides in pertinent part:

... [t]the injured employee may exercise his right of election to file his claim or commence his said action or proceeding in the State of Oklahoma, at any time prior to final adjudication or **determination of his rights** under the laws of another state. (Emphasis supplied).

Once a remedy is chosen and then pursued to conclusion, the point of no return is reached although there has been no satisfaction, much less vindication, of the right. Three essential elements, all present here, must coincide to make preclusion through waiver by prior election of remedies applicable: (a) two or more remedies must be in existence (b) the available remedies must be inconsistent (c) choice of one remedy and its pursuit to conclusion must be made with knowledge of alternatives that are available ... *In Assessment Bond Service v. W.R. Johnston & Company, Okl.,* 296 P.2d 959, 964 (1956) we settled this principle in clear and unmistakable terms. Therein we said that

" 'Where a plaintiff has elected one of two remedies for the enforcement of a right, and such action is barred by the statute, He is bound by his election and cannot thereafter resort to the other remedy for which a different limitation is provided.' "[7]

¶ 9 Legislation in Oklahoma governing workers' compensation has evolved over time, but the Legislature's choice of words in drafting 85 O.S.2001 § 4 provides a similar choice concerning election that echoes the one discussed in *Pryse.* The wife had a right to recover and was offered two options by 85 O.S.2001 § 4: pursue that right under the Act in Oklahoma with its associated remedies, including benefits protected from subrogation, or pursue that right under the laws of another state.

¶ 10 The anti-subrogation protection of Title 85 O.S. Supp.2005 § 44(b) was not part of the right to recover that vested at the time of injury, but part of the remedy provided by one branch of the two possible paths to vindication of that right to recover. Title 85 O.S. Supp.2005 § 44(b) states specifically that the anti-subrogation provision applies to "money paid by the employer or his insurance carrier **for death claims or death benefits under the Workers' Compensation Act** from third persons ..."[8] Wife never sought, and never

obtained, death benefits under the Act. She accepted the choice offered by 85 O.S.2001 § 4 to pursue a remedy under the laws of another state, and received a final adjudication of her rights under the laws of Texas, at which point she became barred from invoking the Act to seek a different remedy for the same injury under Act's provisions.

¶ 11 The majority cites *Knott v. Halliburton Services* 1988 OK 29, 752 P.2d 812 for the assertion that the anti-subrogation protections attached to benefits awarded under the Act, provided by 85 O.S. Supp.2005 § 44, were somehow part of the global right to recover that became vested at the time of injury. That was not the holding of Knott. When read in full, ¶ 4 is illustrative. It provides:

The right to compensation and the obligation to pay such benefits are vested, and become fixed by law at the time of injury. **A compensation claim is controlled by the laws in existance [sic] at the time of injury and not by laws enacted thereafter. A worker's right to compensation is determined by the laws in force when the injury is sustained, notwithstanding a subsequent amendment to the law.** The right of an employee to compensation arises from the contractual relationship existing between the employee and the employer on the date of the injury, and the statutes then in force form a part of that contract and determine the substantive rights and obligations of the parties. **No subsequent amendment can operate retrospectively to affect in any way rights and obligations which are fixed.** (Emphasis supplied).[9]

*Knott,* supra, simply holds that the statutes governing the right to workers' compensation and the obligation to pay it are those in force at the time of injury, and unaffected by subsequent amendments. In this cause, that includes 85 O.S.2001 § 4 and the right of election is provides. Nothing about *Knott*

7. *Pryse Monument Co. v. District Court of Kay County,* 1979 OK 71, ¶ 2, 595 P.2d 435 (internal citations omitted).

8. Title 85 O.S. Supp.2005 § 44(b), see note 1, supra.

9. *Knott v. Halliburton Services* 1988 OK 29, ¶ 4, 752 P.2d 812.

implies that 85 O.S. Supp.2005 § 44(b) means anything other than what its text indicates: that it applies to death claims or death benefits awarded under the Act, which 85 O.S. 2001 § 4 allows an injured employee to choose as one path of recovery.[10] There is no indication that this prohibition is somehow part of a global right to recover and not part of one remedy provided by 85 O.S.2001 § 4. *Knott,* supra, does not mention 85 O.S. Supp. 2005 § 44(b), or subrogation, at all.

¶ 12 The majority's interpretation of 85 O.S.2001 § 4 and 85 O.S. Supp.2005 § 44(b) is inconsistent with the full text of the two provisions, and is not supported by a prior decision of this Court that has examined 85 O.S. Supp.2005 § 44(b). In *McBride v. Grand Island Express, Inc.,* 2010 OK 93, 246 P.3d 718, we analyzed the history and legislative intent behind 85 O.S. Supp.2005 § 44. Specifically, of § 44(b) we stated first in ¶ 12:

> Section 44(b) however has no right of subrogation to recover money from third persons paid by the employer or his insurance carrier for death claims or death benefits under the Workers' Compensation Act. The employer or the insurance carrier had no historical right by payment of workers' compensation death benefits to pursue the tortfeasor to recover the workers' compensation death benefits paid because the right to death benefits subrogation was not authorized and was viewed as in conflict with Oklahoma Constitution, Article 23 § 7.[11]

Again at ¶ 14 we stated:

> Section 44(b) absolutely withholds from employer or insurer subrogation rights to recover from third parties **money paid for death benefits under the Workers' Compensation Act.** (Emphasis added).

*McBride* states that no right of subrogation existed with regard to death claims or death benefits under the Act, no more and no less. It is silent on any application of 85 O.S. Supp.2005 § 44 to claims filed and benefits awarded under the laws of another state, and not under the Act, a choice specifically allowed by 85 O.S.2001 § 4.

¶ 13 The wife never made a claim or sought benefits under the Act, even though she would have been entitled to do so. She exercised her right of election and had her rights regarding any claim to benefits from her husband's death adjudicated by a Texas court, pursuant to the laws of Texas, under which laws she was awarded benefits. Upon doing so she was categorically excluded from pursuing an adjudication of the same right to recover under the Act in Oklahoma. As she never claimed or received benefits under the Act, by its own plain wording 85 O.S. Supp. 2005 § 44 is inapplicable.

¶ 14 The Restatement (Second) of Conflict of Laws § 185 (1971) was formulated to provide an answer to this exact question and is in accord with the above analysis and the provisions of 85 O.S.2001 § 4 and 85 O.S. Supp.2005 § 44. It provides, simply:

> The local law of the state under whose workmen's compensation statute an employee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury.

The plain wording of 85 O.S.2001 § 4 makes it obvious that it offers injured parties a choice of jurisdiction not just to adjudicate benefits, but all rights associated with an injury stemming from the relevant contractual relationship. 85 O.S.2001 § 4 ensures that an individual who contracted in Oklahoma will be able to recover for an out-of-state injury if the law of the state where it occurs does not allow it or if they would prefer the benefits provided by Oklahoma law. It does not allow the injured party to pick and choose whatever hybrid of the laws of both states he or she would prefer, nor can I believe the Legislature intended such a result. To hold that the Workers' Compensation Act applies anyway, to prohibit subrogation of benefits awarded in Texas under

10. The other path being an an adjudication of the injured worker's rights and benefits under the laws of another jurisdiction, which the wife chose in this cause.

11. *McBride v. Grand Island Express, Inc.,* 2010 OK 93, ¶ 12, 246 P.3d 718.

Texas law, functions to make the right of election provided by Title 85 O.S.2001 § 4 meaningless.

## CONCLUSION

¶ 15 The majority asserts that 85 O.S.2001 § 4 provides nothing more than a choice of where to seek an award of benefits that, either way, are awarded under the Oklahoma Workers' Compensation Act. They ignore all the language in the statute indicating that when a party choses to have their rights adjudicated in another state, they are choosing to have their right to recover for their injury adjudicated by the court of another state according to that state's laws, and not according to the Act. The Texas court in this cause did not award benefits pursuant to the Oklahoma Workers' Compensation Act, but pursuant to Texas law in response to an injury that occurred in Texas over which it had jurisdiction. The fact that the Act would have allowed the wife to choose an Oklahoma court instead, does not matter because wife rejected that option. While protections against subrogation of benefits may be part of the public policy protection provided by the Act, that does not matter when, as here, an injured person has chosen the courts and laws of another state to have their rights adjudicated, and declined to invoke the Oklahoma Workers' Compensation Act.