2015 OK 78

**MULTIPLE INJURY TRUST FUND, Petitioner,**

v.

**Viola Patricia SUGG and The Workers' Compensation Court, Respondents.**

No. 112,804.

Supreme Court of Oklahoma.

Nov. 17, 2015.

Brandy L. Inman, Latham, Wagner, Steele & Lehman, P.C., Tulsa, Oklahoma, for the Petitioner.

Richard A. Bell, William C. Doty, The Bell Law Firm, Norman, Oklahoma, for the Respondents.

GURICH, J.

¶ 1 In *Ball v. Multiple Injury Trust Fund,* 2015 OK 64, 360 P.3d 499, this Court held that under the 2005 version of 85 O.S. § 171 an employee must be a physically impaired person as defined by the applicable statute before he or she can seek benefits from the Multiple Injury Trust Fund. In *Ball,* the Claimant *had no prior adjudicated on-the-job injuries* but sought to combine a *Crumby* finding[1] of pre-existing disability made simultaneously with an adjudication of an on-the-job injury to render her a physically impaired person. We held that because of the Legislature's specific removal of the word "pre-existing" in § 171 in 2005, which excluded a *Crumby* finding of preexisting disability from the definition of a physically impaired person, a Claimant could *not* combine a *Crumby* finding of preexisting disability

---

1. See *J.C. Penney Co. v. Crumby,* 1978 OK 80, 584 P.2d 1325.

made simultaneously with an adjudication of an on-the-job injury to render her a physically impaired person.

¶2 The facts of this case are different. Here, the Claimant suffered a compensable work-related injury to her neck and left knee in 1989. The 1989 claim was adjudicated by the Workers' Compensation Court, and Claimant received compensation for a 10% disability to the body as a whole.[2] By such previous adjudication of disability, Claimant was rendered a physically impaired person as defined in § 171. Claimant then had a second on-the-job injury in October of 2008. The Workers' Compensation Court found that Claimant sustained a compensable injury to her right knee due to that on-the-job injury. The order awarding Claimant permanent partial disability benefits to her right knee also made *Crumby* findings of pre-existing disability:

THAT at the time of the accidental injury on OCTOBER 21, 2008, claimant had a pre-existing permanent partial disability of 35 per cent to the LEFT KNEE; 15 per cent due to consequential psychological overlay; 20 percent to the NECK (1993 SURGERY) and 30 percent to the RIGHT LEG, due to consequential varicose veins, as the result of a previous injury. The issue of any permanent partial disability over and above said pre-existing disabilities is DENIED.[3]

¶3 Claimant filed a Form 3F on June 24, 2013, listing both the 1989 adjudicated injury to her neck and left knee and the subsequent adjudicated injury to her right knee as the basis for her claim against the Fund. Claimant sought to combine the adjudicated injury to her neck and left knee with the adjudicated injury to her right knee **and** the *Crumby* findings of pre-existing disability to render her permanently totally disabled. The Workers' Compensation Court denied permanent total disability benefits to Claimant and

found that although Claimant was a physically impaired person at the time of her October 2008 on-the-job injury, "the claimant's combined injuries do not constitute permanent total disability as required by 85 O.S. § 172."[4] The court's order did not specifically state whether the *Crumby* findings were combinable.

¶4 Claimant appealed, and the three-judge panel found:

Claimant was a physically impaired person at the time of her latest injury by reason of her 1989 work related injury which resulted in an adjudication. Herein, the evidence established Claimant was permanently totally disabled unless the 'Crumby' findings in the last permanent partial disability order of April 9, 2013 for the injury of October 21, 2008 are excluded. Nothing in 85 O.S. § 171 or the *Special Indemnity Fund v. Carson* 1993 OK 64, 852 P.2d 157 case preclude combining 'Crumby' findings where Claimant otherwise establishes she is a 'physically impaired [person]' by [reason] of a previous adjudication without regard to the 'Crumby' findings. Therefore, Claimant is then permanently totally disabled.[5]

The Fund appealed, and the Court of Civil Appeals affirmed the three-judge panel's order, relying on its previous decision in *Multiple Injury Trust Fund v. Perry*, Case No. 111,759 (Apr. 30, 2014), which we overruled in our recent decision in *Ball*. The Fund petitioned for certiorari review, and we granted review on October 19, 2015.

### Standard of Review

██ ¶5 The issue in this case is an issue of statutory interpretation. "Statutory construction presents a question of law and lower court rulings in this regard are reviewed de novo." *Holley v. Ace Am. Ins. Co.*, 2013 OK 88, ¶ 5, 313 P.3d 917, 920.

---

**2.** Record on Appeal at 95. Claimant had a cervical fusion to her neck in 1993 due to continued pain in her neck.

**3.** Record on Appeal at 42. The Workers' Compensation Court issued a supplemental order finding that "the NECK, consequential PSYCHOLOGICAL OVERLAY, consequential VARICOSE VEINS and consequential LEFT KNEE are not caused or aggravated by the injury of OCTOBER 21, 2008 and therefore are denied." Record on Appeal at 92.

**4.** Record on Appeal at 118.

**5.** Record on Appeal at 138–139.

## Analysis

¶ 6 We first note that *Special Indemnity Fund v. Carson*, 1993 OK 64, 852 P.2d 157, is distinguishable and does not address the issue presented in this case. In *Carson*, this Court addressed the jurisdictional requirement of whether the Claimant was a physically impaired person, specifically construing § 171 of Title 85 to determine whether a *Crumby* finding of preexisting disability made contemporaneously with an adjudication of a subsequent injury rendered an employee a physically impaired person. In the case before us, neither party disputes that the Claimant was a physically impaired person under § 171 by reason of a previously adjudicated on-the-job injury to her neck and left knee in 1989. Thus, *Carson* is not instructive.

¶ 7 We also note, as we discussed in our recent decision in *Ball*, that after the 2005 amendments, the sole purpose of the Fund is to insulate employers from having to pay permanent total disability benefits to a previously impaired worker who suffers an additional work-related injury which prevents the worker from returning to any gainful employment. With that in mind, the 2005 version of 172 provides in relevant part:

A. 1. For actions filed before November 1, 1999, except as otherwise provided in this section, **an employee, who is a 'physically impaired person' and who receives an accidental personal injury compensable under the Workers' Compensation Act which results in additional permanent disability** so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, shall receive compensation on the basis of such combined disabilities from the Multiple Injury Trust Fund. Only disability due to an injury to the body as a whole shall be combinable with a prior body disability, except that disability to a major member may be combined with disability to the body as a whole.

. . . .

B. 3. For actions in which the subsequent injury occurred on or after November 1, 2005, *if such combined disabilities* constitute permanent *total* disability, as defined in Section 3 of this title, then the employee shall receive full compensation as provided by law for the disability resulting directly and specifically from the *subsequent* injury. In addition, the employee shall receive full compensation for permanent total disability if the combination of injuries renders the employee permanently and totally disabled, as above defined, all of which shall be computed upon the schedule and provisions of the Workers' Compensation Act. **The employer shall be liable only for the degree of percent of disability which would have resulted from the subsequent injury if there had been no preexisting impairment. In permanent total disability cases the remainder of the compensation shall be paid out of the Multiple Injury Trust Fund and may be paid in periodic payments, as set forth in Section 22 of this title.** The compensation rate for permanent total disability awards from the Multiple Injury Trust Fund shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury. Permanent total disability awards from the Multiple Injury Trust Fund shall be payable for a period of fifteen (15) years or until the employee reaches sixty-five (65) years of age, whichever period is the longer. Permanent total disability awards from the Multiple Injury Trust Fund shall accrue from the file date of the court order finding the claimant to be permanently and totally disabled.

85 O.S. Supp.2005 § 172 (emphasis added).

¶ 8 Under § 172(B)(3), with regard to the *Fund's liability* for subsequent injuries occurring after November 1, 2005, the dispositive issue is whether an employee is permanently and totally disabled.[6] Notably, although Section 172(B)(3) limits the *employer's liability* to the degree of disability resulting from the subsequent injury as if there

---

6. We again note that the Claimant must first be a physically impaired person as defined by § 171 before seeking to recover permanent total disability benefits from the Fund.

had been "no preexisting impairment," the statute does not limit the *Fund's liability* to the disability resulting from the subsequent injury as if there had been no preexisting impairment. A *Crumby* finding of preexisting disability is "a *rated assessment* by the Workers' Compensation Court of the *quantum of pre-existing unrelated impairments* suffered by a claimant at the time the work-related injury occurred." *Hammons v. Okla. Fixture Co.*, 2003 OK 7, n. 11, 64 P.3d 1108, 1110 n. 11. More specifically, this Court has said that a *Crumby* finding is a rated assessment of the *effect*, if any, upon the claimant's alleged capacity status "from the *interplay* of his compensable harm with the unrelated pre-existing conditions." *Id.* ¶ 5, 64 P.3d at 1110. Effect refers to that component of the claimant's total disability from pre-existing impairments which *may* contribute to his current condition and which *may* have an effect on his present capacity for work. *Id.* Additionally, a *Crumby* finding supplies the extent of a "claimant's prior (unrelated) disability and the *compensable injury's impact*, if any, on the claimant's prior impairments." *Id.* ¶ 6, 64 P.3d at 1111. Thus, when the Claimant is being evaluated for permanent total disability, a *Crumby* finding of preexisting disability is relevant in determining his or her present capacity for work.

¶ 9 Permanent total disability is defined as "incapacity because of accidental injury or occupational disease to earn any wages in any employment for which the employee may become physically suited and reasonably fitted by education, training or experience, including vocational rehabilitation; loss of both hands, or both feet, or both legs, or both eyes, or any two thereof, shall constitute permanent total disability." 85 O.S. Supp.2005 § 3(20). This Court has said that permanent total disability constitutes a lack of ability to substantially perform gainful employment without injury to health or serious discomfort. *McClure v. Special Indem. Fund*, 1970 OK 194, ¶ 10, 475 P.2d 811, 812. When the earning power of an injured employee is wholly destroyed and he or she has no capacity to perform remunerative em-

ployment, the injured employee is entitled to permanent total disability benefits. Permanent disability is not "determined solely by technical formulas defining percentages of disability but is dependent to a large extent on the ability of the individual to perform continuously some substantially gainful occupation notwithstanding his disability." *Standard Testing and Ins. Co. v. Bradshaw*, 1968 OK 62, ¶ 9, 442 P.2d 337, 339.

¶ 10 The evidence in this case reveals that before the most recent injury to her right knee, Claimant was able to work despite the preexisting impairments to her left knee and neck, and varicose veins and depression. The evidence also indicates that after the most recent injury to her right knee, due to the "synergistic effects of Ms. Sugg's adjudicate[d] injuries and resultant impairments and subsequent surgical procedures to her cervical spine and knees, in combination with her age, educational background, economic status, and employment history, as well as the fact that her job duties were changed in December 2012 to involve more strenuous type duties and standing for long period of time," she is no longer able to perform any "gainful employment for which she is qualified now or in the future."[7] Claimant is permanently and totally disabled and is entitled to benefits from the Fund.

### Conclusion

¶ 11 An employee must be a physically impaired person as defined by the applicable statute before he or she can seek benefits from the Fund. Once an employee has established that he or she is a physically impaired person, under Section 172(B)(3) for subsequent injuries occurring after November 1, 2005, the dispositive issue is whether the employee is permanently and totally disabled. A *Crumby* finding of preexisting disability may be combined with other impairments in determining whether an employee is permanently totally disabled and entitled to an award against the Fund.

---

7. Record on Appeal at 122. *See also* Record on Appeal at 130–31 (report of the IME finding that "if it is determined by the Court that her Crumby

Findings are combinable with her adjudicated injures, then it is my opinion the patient is permanently totally disabled").

COURT OF CIVIL APPEALS OPINION IS VACATED; CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH TODAY'S PRONOUNCEMENT.

¶ 12 REIF, C.J., COMBS, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, GURICH, JJ., concur.

¶ 13 COLBERT, J., not participating.