2015 OK 84

**MULTIPLE INJURY TRUST FUND, Petitioner,**

v.

**John R. McCAULEY and The Workers' Compensation Court, Respondents.**

**No. 112,785.**

Supreme Court of Oklahoma.

Dec. 15, 2015.

Brandy L. Inman, Latham, Wagner, Steele, & Lehman, P.C., Tulsa, Oklahoma, for the Petitioner.

John C. Forbes, Tom Leonard, Forbes & Forbes, P.C., Midwest City, Oklahoma, for the Respondents.

GURICH, J.

¶1 In October of 2011, Claimant filed three separate claims against his employer Mercruiser. The first claim, Case No. 2011–11747–R, alleged a cumulative trauma injury to Claimant's neck, back, and spine with the date of first awareness in 2006. The second claim, Case No. 2011–11748–Y, alleged a cumulative trauma injury to Claimant's hands, arms, and shoulders with the date of first awareness in 1990. The third claim, Case No. 2011–11749–A, alleged a cumulative trauma injury to Claimant's knees with the date of first awareness in 1990. Claimant's employer closed the plant where Claimant worked in December of 2011, and Claimant's date of last exposure for all three cumulative trauma injuries was December 2, 2011.

¶2 On March 9, 2012, the Workers' Compensation Court ordered the three cases be "consolidated for trial purposes with separate Orders to issue." [1] In May of 2013, Claimant and employer Mercruiser settled the cases by three separate compromise settlements.[2] Claimant then filed a Form 3F, seeking permanent total disability benefits from the Fund. Claimant filed his Form 3F under Case No. 2011–11747–R, which had a date of

---

1. Record on Appeal at 10.

2. Although only the compromise settlement form for Case No. 2011–11747–R was included in our record, the parties' briefs and the trial court's order all state that three separate claims and three separate compromise settlement agree-

ments were filed. The Form 3F included in our record also indicates that three separate compromise settlement agreements were reached, and the Form 3F lists the terms of each compromise settlement agreement. Record on Appeal at 28.

first awareness in 2006. He listed the other two cases, with dates of first awareness in 1990, as "prior" cases. On April 8, 2014, the Workers' Compensation Court entered an order awarding permanent total disability benefits against the Fund. The court found that Claimant was a physically impaired person by reason of the two cases with dates of first awareness in 1990. However, the trial court also found:

> THAT the compromise settlement filed with the Court on May 23, 2013, lists a date of awareness in 2006 as agreed to by the parties involved in the compromise settlement with a permanent partial disability rate of compensation of $289.00. Based upon the date of awareness, any permanent total disability based upon a combination of disabilities would be versus the Multiple Injury Trust Fund not the last employer. **The Section 171 in effect in 2006 applies. That section defines physically impaired person to include: '... any disability resulting from separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time.' Respondent argues claimant's 3 claims cannot be combined due to their adjudication at the same time. However, the last sentence of § 171 appears to allow such as long as the cases were separately adjudicated. Herein, there were 3 claims, all settled at the same time but with separate adjudications.** Therefore, that defense will be DENIED.[3]

3.  Record on Appeal at 42.

4.  1986 Okla. Sess. Laws 959–60 (emphasis added).

5.  *See* 85A O.S. Supp.2013 § 30; 85 O.S.2011 § 402; 85 O.S. Supp.2005 § 171; 85 O.S. Supp. 1993 § 171.

6.  In *Special Indemnity Fund v. Archer*, 1993 OK 14, 847 P.2d 791, the Claimant was awarded compensation for two separate claims against his employer for simultaneous injuries occurring on September 30, 1984—a cumulative trauma injury to his hearing caused by noise exposure and a cumulative trauma injury to his lungs and respiratory system caused by inhalation of airborne irritants. The Claimant sought benefits from the Fund for the two separately adjudicated but simultaneously occurring injuries. The Fund asserted liability was improper because at the time of the Claimant's injuries in 1984, simultaneously

The Fund appealed, and the Court of Civil Appeals affirmed, relying on its previous decision in *Multiple Injury Trust Fund v. Perry*, Case No. 111,759 (Apr. 30, 2014), which we overruled in our recent decision in *Ball v. Multiple Injury Trust Fund*, 2015 OK 64, 360 P.3d 499. The Fund petitioned for certiorari review, and we granted review on October 5, 2015.

### Standard of Review

¶ 3 The issue in this case is an issue of statutory interpretation. "Statutory construction presents a question of law and lower court rulings in this regard are reviewed de novo." *Holley v. Ace Am. Ins. Co.*, 2013 OK 88, ¶ 5, 313 P.3d 917, 920.

### Analysis

¶ 4 "[A]n employee must be a physically impaired person as defined by the applicable statute before he or she can seek benefits from the Fund." *Ball*, 2015 OK 64, ¶ 17, 360 P.3d 499. In 1986, the Legislature amended Section 171 of Title 85 to include in the definition of a physically impaired person a person who has any disability resulting from "separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time."[4] Although this language has remained in the statute since that time,[5] this Court has yet to directly address the meaning of this provision.[6]

occurring injuries were not combinable for purposes of recovering from the Fund. The Fund asserted that only *after* the 1986 amendment to Section 171 did the Legislature intend to allow combination of separately adjudicated injuries arising at the same time to support an award against the Fund. *Id.*, ¶ 3–4, 847 P.2d at 793.

This Court agreed with the Fund and found that under the 1984 version of Section 171, the law in effect at the time of Claimant's simultaneous injuries, the claim against the Fund failed because there was no *prior* and no *subsequent* injury because the injuries occurred simultaneously. *Id.* ¶ 11, 847 P.2d at 795. *In Archer, the Court noted that the Claimant admitted the injuries occurred simultaneous and that the date of injury was the date of last exposure—September 30, 1984.* The Court specifically noted: "[W]e need not determine whether the 1986 amendments to § 171 would allow separately adjudicated simultaneous injuries occurring after the

¶5 Upon consideration, we first note that the original purpose of the Fund was to encourage employment of previously impaired workers and to "protect employers from the responsibility to compensate a physically impaired person for disability resulting from the combination of the previous impairment and the subsequent impairment caused by an on-the-job injury." *Multiple Injury Trust Fund v. Wade*, 2008 OK 15, ¶13, 180 P.3d 1205, 1209. However, under the statutory language at issue, if a disability results from separately adjudicated injuries "arising at the same time," then there is no preexisting or subsequent injury for the simple reason that the injuries arise at the same time. Nevertheless, the Legislature has indicated that a person who has any disability resulting from "separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time" is a physically impaired person by statutory definition. Inclusion of this language also indicates legislative intent to protect employers from having to pay disability benefits to a worker who, while working for the employer over a period of time, suffers multiple cumulative trauma injuries and seeks to have those injuries adjudicated at the end of his or her tenure with the employer.[7]

¶6 But under these circumstances, the general rule is inapplicable because, again, there is no subsequent injury to trigger the Fund's liability.[8] For this reason, we conclude that the date of last exposure to the separately adjudicated but simultaneously occurring cumulative trauma injuries is the date to be used in fixing the Fund's liability. In the case before us, the evidence reveals the date of last exposure for all three cumulative trauma injuries was December 2, 2011.[9] Thus, the applicable statutes in this case are 85 O.S.2011 §§ 402–406. Although the trial court erroneously decided this case under 85 O.S. Supp.2005 § 171, the statutory language at issue is the same in both the 2005 and 2011 versions of the statute. As such, we affirm the April 8, 2014 order of the Workers' Compensation Court.

**COURT OF CIVIL APPEALS OPINION IS VACATED; APRIL 8, 2014 ORDER OF THE WORKERS' COMPENSATION COURT AFFIRMED.**

¶7 ALL JUSTICES CONCUR.

amendment's effective date to be combined against the Fund for a material increase in impairment and/or under what circumstances such combination would be appropriate." *Id.* n. 2, 847 P.2d at 792 n. 2.

On that same day, the Court also issued an opinion in *Special Indemnity Fund v. Choate*, 1993 OK 15, 847 P.2d 796. In that case, the Claimant filed a claim for respiratory injury against his employer and answered "yes" to the question of whether he was a physically impaired person, claiming a hearing loss from 1983. A hearing loss case was also filed around the same time. The two matters were heard together and resulted in separate awards against the employer. On March 11, 1987, the Claimant filed a claim against the Fund asserting he was a physically impaired person by virtue of the 1983 hearing loss at the time of the later injury to his respiratory system.

In *Choate*, although the injuries were separately adjudicated, the Court declined to address whether the injuries had occurred simultaneously because the medical evidence in that case indicated that one injury was subsequent to the other injury. The Court found that the evidence supported the view that the Claimant "was a physically impaired person under the Act by virtue of a respiratory injury at the time of his work induced hearing loss." *Id.* ¶19, 847 P.2d at 802.

7. Awards against the Fund may only be entered for an obligation "defined and authorized by statute." *Reynolds v. Special Indem. Fund*, 1986 OK 64, ¶5, 725 P.2d 1265, 1267.

8. The general rule in cases involving the Fund is that the law in effect at the time of an employee's *subsequent* job-related injury fixes the Fund's liability. *Multiple Injury Trust Fund v. Pullum*, 2001 OK 115, ¶9, 37 P.3d 899, 904.

9. Record on Appeal at 27, 41. The record also reveals the three cumulative trauma injuries were adjudicated by three separate Compromise Settlements in May of 2013. Section 339(C) of the 2011 version of Title 85 provides: "In the absence of fraud, a Compromise Settlement shall be deemed binding upon the parties thereto and *a final adjudication* of all rights pursuant to the Workers' Compensation Code." (emphasis added).