Winchester, J.
 

 ¶1 The issue before this Court is whether the claimant's adjudication of a preexisting non-work related disability made simultaneously with adjudication of aggravating a preexisting work-related injury, could support an award of permanent and total disability.
 

 FACTS AND PROCEDURE
 

 ¶2 Petitioner Trina Engles received temporary total disability benefits on August 4, 2006, for a December 2, 2005 injury. She had fallen backwards in a chair at work, which caused the injury. She filed her Form 3 about a month later. On January 15, 2010, Ms. Engles received permanent partial disability benefits for the neck injury. She had previously suffered a non-work-related injury in 1998. That injury occurred from an electrocution and fall at her home. She had multiple back and neck surgeries as a result.
 

 ¶3 Ms. Engles filed for MITF benefits on February 14, 2011, citing a 1998 injury and the January 15, 2010 order. The trial court made
 
 a Crumby
 
 finding for a preexisting injury in that order. The trial court awarded her MITF benefits, recognizing her as permanently and totally disabled. Another division of the Court of Civil Appeals vacated the order, holding the court lacked jurisdiction because Ms. Engles was not a physically impaired person under the Workers' Compensation Act. The court remanded the case.
 

 ¶4 After remand, Ms. Engles sought to set her claim for trial to address medical treatment and a change of condition for the worse in January 2012. The trial court reopened the claim and found Ms. Engles had suffered a change of condition for the worse from its January 15, 2010 order. Ms. Engles' employer appealed to a three-judge panel, but then all parties entered into a compromise settlement of $6,300 on May 28, 2015, for Ms. Engles' claims to her head, neck, back, eyes, and all other body parts.
 

 ¶5 Ms. Engles again filed for MITF benefits, listing her compromise settlement as her most recent injury. She also listed her prior 2005 injury (and resulting 2010 order) and the 1998 non-work-related injury. MITF denied her claim. The trial court found Ms. Engles not to be a physically impaired person under the law as it existed after her first 2005 injury nor before she entered into her compromise settlement. Ms. Engles filed a petition for review.
 

 ¶6 The Court of Civil Appeals reversed the Workers' Compensation Court of Existing Claims. That court first recognized Ms. Engles as a physically impaired person under the 2005 version of 85 O.S., § 172. It identified two separately adjudicated injuries, the 2010 PPD order (from the 2005 injury) and the 2015 compromise settlement. The court reasoned that because a compromise settlement is an adjudication as contemplated by the law, it represented a separate adjudication
 
 *312
 
 from 2010 order. The court relied upon
 
 Multiple Injury Trust Fund v. McCauley
 
 ,
 
 2015 OK 84
 
 ,
 
 374 P.3d 773
 
 , to dismiss the requirement of a subsequent adjudicated injury, and 85 O.S. Supp. 2005 § 172(E) (superceded Aug. 26, 2011) to hold that an employer's last claim for benefits could be reopened to give rise to MITF benefits. The court then addressed the trial court's decision that Ms. Engles was not permanently and totally disabled. The court identified no competent evidence to support the trial court's decision, reasoning that MITF's 2011 physician's report did not address Ms. Engles' change of condition and found that the physician's subsequent 2015 letter was not an admissible medical report because it failed to meet the requirements of a medical report under Rule 20. The court then remanded the case to the trial court to allow MITF to amend its medical report.
 

 ¶7 MITF filed a timely petition for certiorari, and it argues that this Court has never before addressed the conclusion and holding of the Court of Civil Appeals. It argues the holding is that a PTD benefit claimant against MITF may reopen an underlying case during the pendency of a claim against MITF, settle the reopened claim, and then use the settlement to later obtain a MITF award after another division of the Court of Civil Appeals ruled there was no jurisdiction for claimant's claim of benefits against MITF. MITF also argues the court did not follow this Court's jurisprudence, arguing it ignored the law-of-the-case doctrine. MITF claims the court did not correctly apply the statute, ignoring the Court's case law that a change of condition for the worse was not a subsequent injury under § 172. MITF contends that Ms. Engles is not eligible for benefits as she only has one previous adjudicated injury and her change of condition for the worse just reopened the original injury. Finally, MITF argues the court determined the competence of evidence
 
 sua sponte
 
 , contradicting this Court's case law.
 

 DISCUSSION
 

 ¶8
 
 Ball v. Multiple Injury Trust Fund,
 

 2015 OK 64
 
 , ¶ 7,
 
 360 P.3d 499
 
 , 502, provides the background for the Fund. The Legislature established the Special Indemnity Fund, now known as the Multiple Injury Trust Fund, to encourage employment of previously impaired workers. Its sole purpose is to "insulate employers from having to pay permanent total disability benefits to a previously impaired worker who suffers an additional work-related injury." That injury must prevent the worker from returning to any gainful employment.
 
 Multiple Injury Trust Fund v. Sugg
 
 ,
 
 2015 OK 78
 
 , ¶ 7,
 
 362 P.3d 222
 
 , 225.
 

 ¶9 The employee must be a physically impaired person. The applicable statute in the case before us is 85 O.S.Supp., 2005, § 171. Title 85 O.S.Supp., 2005, § 171 provided:
 

 "For the purpose of Sections 171 through 176 of this title, the term "physically impaired person" means a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of a member of his body, or the loss of the use or partial loss of the use of a member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any previous adjudications of disability adjudged and determined by the Workers' Compensation Court or any disability resulting from separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time."
 

 Once this status of "physically impaired person" is established, the dispositive issue is whether the employee is permanently and totally disabled, and entitled to an award against the Fund. 85 O.S.Supp., 2005, § 172(B)(3).
 
 [1]
 
 A
 
 Crumby
 
 finding is an adjudication
 
 *313
 
 of a preexisting disability at the same time of the award of the subsequent worker's compensation disability as described in the case of
 
 J.C. Penney Co. v. Crumby
 
 ,
 
 1978 OK 80
 
 ,
 
 584 P.2d 1325
 
 . A
 
 Crumby
 
 finding is not a previous adjudication as required by § 172.
 
 Sugg
 
 ,
 
 2015 OK 78
 
 , ¶ 11,
 
 362 P.3d at 226
 
 .
 

 ¶10 In her brief for her petition for review, Ms. Engles argued she was a physically impaired person because her two adjudications were the 2005 injury (January 15, 2010 order) and her 1998 injury. But the Court in
 
 Ball
 
 ,
 
 2015 OK 64
 
 , ¶ 17,
 
 360 P.3d 499
 
 , 507, rejected this approach: "A
 
 Crumby
 
 finding of a preexisting disability made simultaneously with an adjudication of an on-the-job injury may not be combined with that adjudicated injury to render the Claimant a physically impaired person."
 

 ¶11 There is also nothing in the briefs filed by the parties to indicate that Ms. Engles presented lay testimony to establish she had "the use or partial loss of the use of a member such as is obvious and apparent." The parties only presented physician testimony. Therefore, Ms. Engles could only be a physically impaired person under § 171's "previous adjudications." As MITF argues, Ms. Engles suffered no subsequent injury after her 2005 injury. Without a subsequent adjudicated injury, Ms. Engles cannot be a physically impaired person and the court lacks jurisdiction against MITF.
 

 ¶12 In addition, the Court of Civil Appeals, Division III, in ¶ 12 of the opinion of February 14, 2014, correctly concluded Ms. Engles was not a "physically impaired person" for the purposes of the Worker's Compensation Act, and the Workers' Compensation Court did not have jurisdiction to impose liability on the MITF for Ms. Engles's injuries. This opinion was not appealed. An appellate court's decision on an issue of law becomes the law of the case once the decision is final, in all subsequent stages of the litigation.
 
 Tibbetts v. Sight and Sound Appliance Centers, Inc.,
 

 2003 OK 72
 
 , ¶ 10,
 
 77 P.3d 1042
 
 , 1049.
 

 ¶13 The Court of Civil Appeals, Division IV, in its June 15, 2017, opinion concluded that Ms. Engles had separately adjudicated injuries, which were the January 15, 2010, order and the May 28, 2015, compromise settlement. The court cited 85 O.S.2011, § 339(C) (superceded Feb. 1, 2014), that a compromise settlement "shall be deemed binding upon the parties thereto and a final adjudication of all rights pursuant to the Workers' Compensation Code." The court then relied upon
 
 McCauley
 
 ,
 
 2015 OK 84
 
 ,
 
 374 P.3d 773
 
 , to support its conclusion that the injury need not be a subsequent injury. But
 
 McCauley
 
 does not support this analysis. In
 
 McCauley
 
 , the claimant had no subsequent injury, but because he had three separately adjudicated cumulative-trauma injuries, the Court held the "general rule [was] inapplicable."
 
 2015 OK 84
 
 , ¶ 6,
 
 374 P.3d at 775
 
 . Here, Ms. Engles has one adjudicated injury, the key difference. Because Ms. Engles suffered no subsequent injury after her 2005 injury, she cannot be a physically impaired person and the court lacks jurisdiction against MITF. Reopening a lone injury and characterizing the resulting compromise settlement as a second adjudicated injury cannot establish jurisdiction over MITF.
 

 THE OPINION OF THE COURT OF CIVIL APPEALS IS VACATED. CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THE VIEWS EXPRESSED IN THIS OPINION.
 

 Combs, C.J., Gurich, V.C.J., Kauger, Winchester, Edmondson, Wyrick, and Darby, JJ.-concur
 

 Colbert and Reif, JJ.-dissent
 

 [1]
 

 85 O.S.Supp., 2005, § 172(B)(3) provided: "For actions in which the subsequent injury occurred on or after November 1, 2005, if such combined disabilities constitute permanent total disability, as defined in Section 3 of this title, then the employee shall receive full compensation as provided by law for the disability resulting directly and specifically from the subsequent injury. In addition, the employee shall receive full compensation for permanent total disability if the combination of injuries renders the employee permanently and totally disabled, as above defined, all of which shall be computed upon the schedule and provisions of the Workers' Compensation Act. The employer shall be liable only for the degree of percent of disability which would have resulted from the subsequent injury if there had been no preexisting impairment. In permanent total disability cases the remainder of the compensation shall be paid out of the Multiple Injury Trust Fund and may be paid in periodic payments, as set forth in Section 22 of this title. The compensation rate for permanent total disability awards from the Multiple Injury Trust Fund shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury. Permanent total disability awards from the Multiple Injury Trust Fund shall be payable for a period of fifteen (15) years or until the employee reaches sixty-five (65) years of age, whichever period is the longer. Permanent total disability awards from the Multiple Injury Trust Fund shall accrue from the file date of the court order finding the claimant to be permanently and totally disabled."