REIF, J.
 

 ¶ 1 This case concerns a claim by Neil Tweedy against the Multiple Injury Trust Fund for an award of permanent total disability. The parties agree that this claim is governed by 85 O.S.Supp.2005, §§ 171 and 172. They disagree over whether Mr. Tweedy can use a
 
 Crumby
 
 finding to establish the Fund's liability under these statutes for permanent total disability. The Workers' Compensation Court of Existing Claims considered the
 
 Crumby
 
 finding and entered an award in favor of Mr. Tweedy. On appeal, the Court of Civil Appeals read this Court's opinion in
 
 Ball v. Multiple Injury Trust Fund
 
 ,
 
 2015 OK 64
 
 ,
 
 360 P.3d 499
 
 , as precluding use of a
 
 Crumby
 
 finding for any purpose in determining the Fund's liability. This reading was error.
 

 ¶ 2 What this Court said in the
 
 Ball
 
 case is that a
 
 Crumby
 
 finding is not an adjudication of preexisting disability for the purpose of determining threshold eligibility to proceed against the Fund as a physically impaired person. This Court later clarified that if a claimant can otherwise meet one of the threshold requirements of a physically impaired person, then "a
 
 Crumby
 
 finding of preexisting disability may be combined with
 
 *997
 
 other impairments in determining whether an employee is permanently totally disabled and entitled to an award against the Fund."
 
 Multiple Injury Trust Fund v. Sugg
 
 ,
 
 2015 OK 78
 
 , ¶ 11,
 
 362 P.3d 222
 
 , 226.
 

 ¶ 3 In the case at hand, Mr. Tweedy established his threshold eligibility by virtue of an obvious and apparent partial loss of use of a member (right hand) that preexisted his last job-related injury. An obvious and apparent impairment of this nature is one of the threshold requirements set forth in § 171.
 

 ¶ 4 In view of Mr. Tweedy's eligibility as a physically impaired person, the Workers' Compensation Court of Existing Claims properly combined the impairment set forth in the
 
 Crumby
 
 finding with the preexisting obvious and apparent impairment as well as the impairment from the last job-related injury. The Court of Civil Appeals erred in disturbing this award and, therefore, the Court of Civil Appeals' opinion is vacated. The award is reinstated and sustained.
 

 OPINION OF THE COURT OF CIVIL APPEALS VACATED; AWARD SUSTAINED.
 

 ALL JUSTICES CONCUR.