OSCN Found Document:MULTIPLE INJURY TRUST FUND v. TWEEDY

 

 
 

 
 MULTIPLE INJURY TRUST FUND v. TWEEDY
2018 OK 81
Case Number: 116224
Decided: 10/23/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 81, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Multiple Injury Trust Fund, Respondent on Certiorari,
v.
Neil Tweedy, Petitioner on Certiorari.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION IV,
ON APPEAL FROM THE WORKERS' COMPENSATION COURT OF EXISTING CLAIMS, 
STATE OF OKLAHOMA

Â¶0 The Court of Civil Appeals vacated an award of permanent total disability that the Workers' Compensation Court of Existing Claims entered in favor of Claimant Neil Tweedy. Claimant filed a petition for certiorari, asking this Court to review the opinion of the Court of Civil Appeals. This Court has previously granted Claimant's petition. Upon review, we vacate the opinion of the Court of Civil Appeals and reinstate the award of permanent total disability.

OPINION OF THE COURT OF CIVIL APPEALS VACATED; AWARD SUSTAINED

Leah P. Keele, LATHAM, WAGNER, STEELE AND LEHMAN, Tulsa, Oklahoma for Respondent on Certiorari,

Michael R. Green, Tulsa, Oklahoma and Bob Burke, Oklahoma City, Oklahoma, for Petitioner on Certiorari

REIF, J.

Â¶1 This case concerns a claim by Neil Tweedy against the Multiple Injury Trust Fund for an award of permanent total disability. The parties agree that this claim is governed by 85 O.S.Supp.2005, Â§Â§ 171 and 172. They disagree over whether Mr. Tweedy can use a Crumby finding to establish the Fund's liability under these statutes for permanent total disability. The Workers' Compensation Court of Existing Claims considered the Crumby finding and entered an award in favor of Mr. Tweedy. On appeal, the Court of Civil Appeals read this Court's opinion in Ball v. Multiple Injury Trust Fund, 2015 OK 64, 360 P.3d 499, as precluding use of a Crumby finding for any purpose in determining the Fund's liability. This reading was error.

Â¶2 What this Court said in the Ball case is that a Crumby finding is not an adjudication of preexisting disability for the purpose of determining threshold eligibility to proceed against the Fund as a physically impaired person. This Court later clarified that if a claimant can otherwise meet one of the threshold requirements of a physically impaired person, then "a Crumby finding of preexisting disability may be combined with other impairments in determining whether an employee is permanently totally disabled and entitled to an award against the Fund." Multiple Injury Trust Fund v. Sugg, 2015 OK 78, Â¶ 11, 362 P.3d 222, 226.

Â¶3 In the case at hand, Mr. Tweedy established his threshold eligibility by virtue of an obvious and apparent partial loss of use of a member (right hand) that preexisted his last job-related injury. An obvious and apparent impairment of this nature is one of the threshold requirements set forth in Â§ 171.

Â¶4 In view of Mr. Tweedy's eligibility as a physically impaired person, the Workers' Compensation Court of Existing Claims properly combined the impairment set forth in the Crumby finding with the preexisting obvious and apparent impairment as well as the impairment from the last job-related injury. The Court of Civil Appeals erred in disturbing this award and, therefore, the Court of Civil Appeals' opinion is vacated. The award is reinstated and sustained.

OPINION OF THE COURT OF CIVIL APPEALS VACATED; AWARD SUSTAINED.

ALL JUSTICES CONCUR.