OSCN Found Document:KNOX v. OKLAHOMA GAS AND ELECTRIC CO.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 KNOX v. OKLAHOMA GAS AND ELECTRIC CO.
2024 OK 37
Case Number: 121047
Decided: 05/21/2024
As Corrected: June 6, 2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 37, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

KATHRYN LOUISE KNOX, individually; and as Surviving Spouse of David Odell Knox, Deceased, Plaintiff,
v.
OKLAHOMA GAS AND ELECTRIC COMPANY, d/b/a OG&E; SUNPOWER CORPORATION, SYSTEMS; MOSS & ASSOCIATES, LLC d/b/a MOSS SOLAR; and BJ'S OILFIELD, Defendants,
and
SUNPOWER CORPORATION SYSTEMS, Third-Party Plaintiff/Appellant,
v.
BJ'S OILFIELD CONSTRUCTION, INC., Third-Party Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY

¶0 In a tort action brought against various entities by the widow of the deceased based upon alleged tortfeasor liability by alleged non-employers and after a worker's compensation award, the employer filed a motion to dismiss a third-party petition filed against employer by one of the defendants. The Honorable Anthony L. Bonner, District Judge, sustained the motion to dismiss. Defendant appealed and the appeal was retained by the Supreme Court. We hold: (1) The exclusive remedy and liability language in 85A O.S.Supp.2014, § 5 does not prevent an employer from creating non-employer legal relationships, capacities, or roles, but those relationships, capacities, or roles cannot create a negligence tort liability for the same physical injury used by a party for a compensable workers' compensation award; and (2) The language of 85A O.S.Supp.2014, § 5 does not prohibit an employer from creating an indemnity agreement holding others harmless for the employer's intentional conduct not subject to exclusive workers' compensation remedies.

ORDER OF DISTRICT COURT REVERSED 
AND CAUSE REMANDED FOR ADDITIONAL PROCEEDINGS

Victor F. Albert, Ogletree, Deakins, Nash, Smoak, & Stewart, P.C., Oklahoma City, Oklahoma, for Third-Party Plaintiff/Appellant.

Thomas R. Kendrick and Emma C. Kincade, De Witt Paruolo & Meek, P.L.L.C., Oklahoma City, Oklahoma, for Third-Party Defendant/Appellee.

EDMONDSON, J.

¶1 We hold: An employer may not contractually create a common-law negligence liability for the employer by creating additional non-employer roles or capacities when this negligence liability is based upon the same physical injury for a compensable workers' compensation award.

¶2 SunPower's third-party petition alleged an intentional tort by BJ's Oilfield Construction. The exclusive remedy and liability language of 85A O.S.Supp.2014, § 5 does not prevent an employer from creating an additional capacity or role and contractually agreeing to indemnify and hold harmless another for the employer's intentional torts. The contract between BJ's Oilfield Construction and Moss contained an indemnity clause that expressly included SunPower as a beneficiary of an indemnity clause. The order dismissing SunPower's third-party petition against BJ's Oilfield Construction is reversed and the cause is remanded to the District Court for additional consistent proceedings.

I. Summary

¶3 An employee died at a construction work site while working for his employer. The employee's spouse brought an action in a District Court against the owner of the work site, contractor, subcontractor, and employer. The appellate controversy is between the contractor, SunPower Corporation Systems (SunPower), and the employer/subcontractor, BJ's Oilfield Construction, Inc. (BJ's, BJ's Oilfield, or BJ's Oilfield Construction).

II. Trial Court Proceedings and Prior Related Appeals

¶4 Oklahoma Gas and Electric (OG&E) contracted with SunPower Corporation Systems (SunPower) to develop OG&E's property for a solar power facility. SunPower contracted with Moss & Associates (Moss) with the latter as contractor for construction of the facility. Moss contracted with BJ's to prepare this construction site.

¶5 David Knox was an employee of BJ's and while working at the construction site he died as a result of a fellow employee's use of a trenching machine augur. Knox's spouse of the deceased sought and received Oklahoma workers' compensation benefits.

¶6 Knox's spouse brought a wrongful death claim in Oklahoma County District Court. She alleged SunPower, Moss, and OG&E (1) controlled and/or supervised the work performed by BJ's, (2) knew employees of BJ's lacked proper supervision and disregarded safety protocols, (3) knew the trenching machine created an unreasonably dangerous work environment, and (4) failed to provide proper supervision for safety purposes. She also included BJ's as a defendant.

¶7 Defendants filed separate motions to dismiss Knox's petition and they were granted. Three appeals were filed. Two appeals reviewed separate dismissals of plaintiff's claims against Moss and SunPower. These two dismissals were based upon the two defendants identifying themselves with "prime contractor" status. The order granting dismissal to Moss was reversed because prime contractor status for Moss was asserted by unsupported assertions in a brief and oral argument, and without evidence or stipulation on the issue.[1] SunPower's dismissal order was reversed because its assertion of prime contractor status was based upon counsel's oral argument and not evidence.[2]

¶8 The third appeal involved OG&E's dismissal request based upon an argument Knox failed to state a claim upon which relief may be granted. The appellate court reversed the trial court's dismissal because OG&E's argument was based upon denying the factual assertions in Knox's petition that OG&E directed, operated, controlled and/or supervised the work which resulted in Knox's death. The appellate court concluded that disputes of fact were not proper for adjudicating the legal sufficiency of plaintiff's petition.[3] The three appeals remanded the controversy to the District Court.

III. Trial Court Proceedings and Current Appeal

¶9 SunPower's answer raised affirmative defenses, and asserted a cross-claim against Moss based upon a previous written agreement providing that Moss defend and indemnify SunPower. A third-party petition was filed by SunPower against BJ's Oilfield, and then an amended third-party petition.

¶10 SunPower's amended petition included allegations: SunPower's agreement with Moss, Moss agreed to indemnify SunPower regarding claims arising from events on the job site, Moss was subcontractor, BJ's was a second tier subcontractor, and BJ's was responsible for any claim against SunPower based upon the death of Knox and principles of contribution and indemnity.

¶11 BJ's Oilfield filed a motion to dismiss SunPower's third-party petition. The motion cited 12 O.S. §2012(B)(1) & (6), and argued: (1) BJ's legal liability was determined and jurisdictionally limited by 85A O.S. § 5 due to a previous workers' compensation award against BJ's; (2) No exception to imposing liability upon BJ's was allowed by 85A O.S. §5; (3) Breach of Occupational Safety and Health Act regulations by BJ's Oilfield could not be used to impose legal liability in a wrongful death negligence action against BJ's Oilfield; (4) SunPower's claim for indemnity failed because no contractual, implied, or equitable right to indemnity existed; and (5) SunPower's contribution claim failed because SunPower previously alleged it was not a joint tortfeasor.

¶12 SunPower responded and argued a contractual indemnity existed. SunPower argued it possessed the status of a third-party beneficiary to BJ's contract with Moss. SunPower urged contribution and implied indemnity claims. SunPower also argued two provisions in 85A O.S. § 5 authorized its claim against BJ's Oilfield, (1) an independent legal relationship exception and (2) an intentional tort exception. SunPower alleged the contracts between the various parties created a legal identity for BJ's Oilfield that was in addition to BJ's Oilfield's identity as an employer of the deceased. Further, that BJ's Oilfield's legal identity as an employer was the identity adjudicated by the Workers' Compensation Commission.

¶13 BJ's Oilfield replied and argued no claim existed for an indemnity, a third-party claim, or a claim for contribution. BJ's Oilfield also argued that if SunPower's petition was an attempt to state a claim for indemnity or contribution, then such claims were barred by the exclusive workers' compensation remedy provision in 85A O.S. § 5.

¶14 The trial court granted BJ's Oilfield's motion to dismiss SunPower's third party petition. The trial court's order granted the motion without stating whether the order was based upon 12 O.S. § 2012(B)(1) (lack of jurisdiction based upon 85A O.S. § 5), or 12 O.S. § 2012(B)(6)(failure to state a claim), or both of the these grounds urged by BJ's Oilfield.

¶15 SunPower filed a petition in error and the appeal was sua sponte retained in this Court. A previous order of this Court required the appeal to proceed pursuant to 12 O.S. § 994(A).[4]

IV. Assignments of Error and Appellate Review

¶16 The assignments of error by SunPower's petition in error are: Whether the trial court erred when granting the motion to dismiss SunPower's amended third-party petition; Whether the workers' compensation exclusive remedy against an employer provided by 85A O.S.Supp.2014, § 5 may be used as a defense to claims for indemnity and contribution; Whether SunPower stated a claim for contractual and/or implied indemnity; Whether SunPower may assert a claim for indemnity as a third-party beneficiary of the agreement between Moss & Associates; Whether BJ's agreement to indemnify SunPower falls under the independent legal relationship exception to the exclusive remedy provision of the OAWCA (Oklahoma Administrative Workers' Compensation Act); and Whether SunPower's claims against BJ's fall under the intentional tort exception to the exclusive remedy provision of the OAWCA.

¶17 In summary, the order brought for appellate review sustained BJ's motion to dismiss SunPower's third-party petition, and the assignments of error focus on application of 85A O.S.Supp.2014, § 5, contractual indemnity, a third-party beneficiary contract, and tortfeasor contribution.

¶18 We recently explained the allegations of a petition are presumed or deemed true for the purpose of testing the sufficiency of the pleading, and indicated this presumption applies when a 12 O.S.2011, §2012(B)(1) motion challenges legal standing of a plaintiff as a deficiency on the face of the petition with reference to the petition's alleged cause of action.[5] A motion to dismiss based upon 12 O.S.2011, § 2012(B)(6) has a function to "test the law supporting the claims" in the petition the motion seeks to dismiss.[6] A motion to dismiss pursuant to 12 O.S.2011, § 2012(B)(6) does not test the veracity of facts underlying the allegations in the petition.[7]

¶19 BJ's motion to dismiss has several exhibits and many contain their own multiple exhibits. A "written instrument" filed as an exhibit attached to a pleading becomes a part of the pleading for the purpose of the pleading.[8] If exhibits are attached to a 12 O.S.2011, §2012(B)(6) motion then the nature of the information must be examined for matters outside of the pleadings presented in support of the motion, and whether these matters convert the motion into one for summary judgment.[9] However, a motion to dismiss based upon 12 O.S.2011, § 2012 (B)(1) lack of jurisdiction is not converted to a motion for summary judgment by reliance upon extra-record facts (outside the pleadings) unless these facts are used as one or more elements to a cause of action or a defense thereto.[10] A motion to dismiss based upon 12 O.S.2011, 2012 (B)(1) may assert a fact relating to jurisdiction, but when the fact is controverted by parties it is adjudicated as a controverted issue of fact, and an evidentiary hearing is one example of such adjudication.[11] An order granting a motion to dismiss when based on a jurisdictional issue of law and no controverted issue of fact will receive de novo appellate review and allegations of the petition are deemed true.[12] Facts used for appellate review of the trial court's order are based upon the amended petition's allegations and facts in exhibits that are uncontested for the purpose of the motion to dismiss.

¶20 The nature of a trial tribunal's decision is used to determine an appellate standard of review.[13] The trial court decision sustained a motion to dismiss a petition based upon a motion raising 12 O.S.2011, § 2012(B)(1) (jurisdiction) and § 2012(B)(6) (failure to state a claim upon which relief may be granted). An adjudication of a petition's failure to state a claim presents an issue of law reviewed de novo.[14] An adjudication of jurisdiction may involve an issue of law, an issue of fact, or both issues of law and fact.[15] No issue of fact is raised and identified by the parties, nothing is presented by the parties to show the trial court necessarily made an adjudication of a controverted fact in order to sustain the motion to dismiss.

¶21 We treat the trial court's order as one adjudicating issues of law raised by the parties. The parties' trial court filings function as the appellate briefs[16] with assignments of error in the petition in error.[17] The trial court's order adjudicating a 12 O.S.2011, § 2012 (B)(1)&(6) motion raising issues of law receives de novo appellate review.[18]

¶22 A party moving for dismissal bears the burden of proof to show the legal insufficiency of the petition to state a claim upon which relief may be granted.[19] A plaintiff is required "neither to identify a specific theory of recovery nor to set out the correct remedy or relief to which the plaintiff may be entitled. . . . If relief is possible under any set of facts which can be established and is consistent with the allegations, a motion to dismiss should be denied."[20] A motion to dismiss is properly granted only when there are no facts consistent with the allegations under a cognizable legal theory.[21]

V. Analysis

V(A). Employer's Non-Employer Capacity or Role in an Alleged Negligence Claim
Cannot Destroy Employer's Exclusive Liability Mandated by 85A O.S.Supp.2014, §5.

¶23 The focus of BJ's motion to dismiss is the application of 85A O.S.Supp.2014, §5 to SunPower's claims. The language in effect on the date Knox died is codified at 85A O.S.Supp.2014, §5.[22] One paragraph of this statute states as follows.

No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

85A O.S. Supp.2014 § 5(A). BJ's argument may be summarized: (1) Section 5 provides the exclusive remedy for any person seeking from an employer damages or compensation based upon an accidental personal injury experienced by an employee when the employer has paid workers' compensation benefits; (2) Because SunPower's petition is based upon creating a legal liability for BJ's Oilfield based upon, and damages measured by, the accidental personal injury to Knox, an employee of BJ's Oilfield, then no common law action is available in District Court for SunPower.

¶24 Prior to 2013, an employer and employee were not prohibited by workers' compensation statutes from voluntarily conducting their affairs for the purpose of creating a legal status, capacity, role, or relationship with associated legal rights and obligations in addition to the employer/employee status, capacity, role, or relationship. A legal duty may arise by several means. For example, in Southland Cotton Oil Co. v. Renshaw, 1931 OK 96, 299 P. 425, we cited a legal encyclopedia's entry for "negligence" and explained a duty, a violation of which constitutes actionable negligence, may arise not only from a contractual duty, but also a duty prescribed by statute or ordinance, common law duty, a duty imposed by implication of law or operation of law, and the relation or situation of the parties. Id. 299 P. at 430.[23] More recently we have stated a legal duty is "an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection."[24] This second capacity, role, or relationship is one created by an employer and it could potentially create legal liability for an employee's personal injury, and this liability existed outside the scope of workers' compensation remedies. For example, prior to 2013 when an employee received an accidental personal injury by an employer's breach of a duty or obligation created by this second capacity or relationship, then the injured employee could in some circumstances[25] treat the employer as a third person for the purpose of a personal-injury third-party negligence action.[26] This third-party tort liability against an employer was often referenced as the "dual-capacity doctrine"[27] or "dual-persona doctrine."[28]

¶25 The former dual-capacity doctrine was abrogated by 85A O.S.Supp.2014, §5,[29] of the Administrative Workers' Compensation Act (AWCA),[30] with language in section 5: "[T]he remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have." We have recognized that "shall" may be used as "mandatory language" in a workers' compensation statute to provide a clear pronouncement of the Legislature's public policy.[31] The parties disagree on the meaning and application of this language to the parties' contracts.

¶26 The essential elements of a contract are: "(1) parties capable of contracting; (2) consent; (3) a lawful object; and (4) sufficient cause or consideration." [32] Every contract or agreement also has applicable law incorporated into the contract or agreement.[33] The Legislature may alter private contractual rights of employers and employees when it properly exercises its police power in creating a particular workers' compensation law.[34] Workers' compensation statutes form a part of the employer/employee contract.[35]

¶27 The object of parties' consent must be a "lawful object."[36] While the employer-employee relationship is consensual or voluntary, a presumed constitutional rule of law expressed by the Legislature controls the legal consequences for the parties agreement and their conduct.[37] The Legislature may define or limit the effect of an individual's ability to create a voluntary self-imposed legal obligation in a workers' compensation statutory scheme. For example, a workers' compensation statutory scheme "limits the freedom of employer and employee to agree respecting the terms of their employment, but it inures to the general welfare of the people and has been sustained as a reasonable exercise of the police power of the State," in a circumstance that limited the authority of an employer when contracting with one not an employee, e.g., an insurance carrier.[38]

¶28 The contract between Moss and Associates, LLC, and BJ's Oilfield Construction, LLC, states it "is entered into and effective on August 29, 2017." This date is a few years after the effective date of 85A O.S.Supp.2014, § 5, and the parties' efforts in structuring or creating their legal capacities and legal personas by agreement or otherwise in 2017 were efforts clearly subject to the statute. The legislative amendment clearly rejects liability of an employer based upon treating the employer as a third-party tortfeasor by a dual capacity or dual persona doctrine. In summary, the mandatory language in 85A O.S.Supp.2014, §5: "the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have," has an effect that an employer may not voluntarily conduct its affairs for the purpose or "lawful object" to create a legal obligation contrary to the language in 85A O.S.Supp.2014, §5.

¶29 The exclusivity of workers' compensation remedies referenced in 85A O.S.Supp.2014, §5 and restricting an employer's ability to self-impose a new legal capacity or relationship for negligence liability is an exclusivity defined by, or linked to, the statutorily defined physical injury of the employee. Generally, the AWCA defines and links its exclusive statutory remedies to (1) a statutorily defined injury or disease, (2) statutorily defined events relating to that disease or personal injury,[39] (3) statutorily defined events or circumstances relating to the remedies,[40] and (4) a person or entity's role, status, or capacity as an employer.[41] For example: (1) The rights and remedies granted to an employee by the AWCA "shall be exclusive of all other rights and remedies of the employee . . . against the employer," 85A O.S. § 5(A);[42] (2) The remedies are based upon "an injury or occupational disease," defined by the Act 85A O.S. §2(7), as shown by certain evidence, 85A O.S. §2(9)(c); (3) The "compensable injury" "means damage or harm to the physical structure of the body . . . of which the major cause is either an accident, cumulative trauma or occupational disease arising out of the course and scope of employment," 85A O.S.§2(9)(a);[43] (4) The exclusivity of the remedy for the employee's accidental personal injury is compensable within the context of the employer/employee relationship, and "[n]o role . . . other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, 85A O.S. § 5(A); and (5) An employee may maintain a legal action against any third party for the physical injury subject to an employer's lien, and an employer also has a claim and right against the third party tortfeasor, 85A O.S.Supp.2014, §43 (A)(1) & (B).[44]

¶30 In summary, the statutorily defined physical injury (or disease) cannot be used for a "double recovery" by an employee against an employer as both (1) a workers' compensation injury arising out of the course and scope of employment and (2) a common-law negligence injury arising by means of a third-party dual capacity created by the employer.[45] Both employer and employee possess a statutory right to proceed against a non-employer third-party tortfeasor. When an employer creates a legal status, capacity, or relationship other than that as an employer, 85A O.S.Supp.2014, §5 prevents this status, capacity or relationship from also creating legal liability for a physical injury (or disease) of the employee when that same physical injury is compensable by the Administrative Workers' Compensation Act; i.e., an employer may not create a self-imposed third-party tortfeasor negligence liability to employee when the physical injury used as the basis for the injury element in the common law negligence tort claim is the same injury made compensable by the substitute workers' compensation remedy.[46]

¶31 We note the contract between Moss and Associates, LLC, and BJ's Oilfield Construction, LLC, states in Article 11, "Indemnity:" "Subcontractor's (BJ's) obligation hereunder shall not be limited by the provisions of any worker's compensation or similar act." The contract also states that if the indemnity obligations "are deemed to be in violation of law or against public policy, then in such event this paragraph is deemed to be automatically amended to require indemnity to the maximum amount permitted by law." Again, the dual capacity doctrine occurred when an employer created a non-employer third-party legal capacity or role by employer's contract, conduct, or other legally recognized means used by the employer. The Legislature's mandatory language in 85A O.S.Supp.2014, §5 removed this ability from the employer.

¶32 Some jurisdictions have addressed circumstances of imposing a full tort recovery upon an employer by an indemnity agreement when the employee has a workers' compensation exclusive remedy tied to an employer's immunity. For example, in Brown v. Prime Const. Co., Inc., 102 Wash.2d 235, 684 P.2d 73 (1984), the court explained a tort recovery was based upon a "valid waiver of worker's compensation immunity by indemnification agreements." Id. 684 P.2d at 75. This result was explained further: "Courts enforce third party indemnification agreements despite the exclusivity of the Industrial Insurance Act because the employer voluntarily assumes liability in a contract; it is not imposed by tort law;" and because under recent statutory amendments "the 'empty chair' defense is no longer available to a general contractor sued by the employee of a subcontractor." Gilbert H. Moen Co. v. Island Steel Erectors, Inc., 128 Wash.2d 745, 912 P.2d 472, 476 480-81 (1996). Gilbert explained it recognized a contract of indemnity as an employer's waiver of workers' compensation exclusive liability as a means to apportion or assign fault to the party responsible where the empty chair defense was not available to a general contractor.

¶33 Three concepts argue against applying such reasoning herein. First, unlike in Gilbert: "We have previously held that the negligence of tort-feasors who are not parties to a lawsuit, 'ghost tort-feasors,' should be considered by the trier of fact in order to properly apportion the negligence of the parties."[47] Secondly, in 2006 the Legislature similarly apportioned fault and provided for indemnity liability involving a "construction agreement," 15 O.S.2011, § 221,[48] where the indemnity obligation shall not exceed the indemnitor's degree or percentage of negligence or fault, but did not include an exception for a voluntary contractual waiver of the exclusive liability, or "voluntary assumption" of liability, by employer assuming additional legal capacities with additional legal liabilities. Third, 85A O.S.Supp.2014, §5, was enacted several years after 15 O.S.Supp.2006, § 221, and the workers' compensation statute has no exceptions allowing an employer to structure its affairs and create different capacities with associated legal negligence liabilities, and a specific statute controls over a more general statute and the more recent enactment controls over an earlier one.[49]

¶34 In summary, SunPower's claims based upon a contractual indemnity and a third-party contact theory seek to impose negligence liability upon BJ's for a physical injury to Knox when the same injury was previously used as a compensable injury for a workers' compensation award. BJ's could not waive the mandatory language in 85A O.S.Supp.2014, § 5, by a contract creating a legal capacity or role in addition to its role as an employer when this additional role or capacity is to be construed as legal liability for common-law negligence tort liability relating to the same physical injury previously used for a workers' compensation claim.

¶35 SunPower also invokes a principle of "contribution" and 12 O.S.2011, § 832. This section involves "[w]hen two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them...."[50] The statute states it does not apply to intentional conduct.[51]

¶36 SunPower's alleged contribution claim is based upon alleged negligence liability based upon the death of Knox, BJ's alleged role in causing the death of Knox as part of negligence liability, and SunPower's allegation that this tort liability has new life breathed into it by being incorporated into BJ's contract and indemnity agreement with Moss. For the purpose of a third-party proceeding for negligence liability/damages against BJ's as an employer, BJ's has no negligence-based tort liability for the same physical injury that was adjudicated in Knox's workers' compensation proceeding that resulted in a workers' compensation award against BJ's Oilfield. 85A O.S.Supp.2014, § 5. This claim of an employer's negligence-based tort liability for the same physical injury previously used as a basis for an adjudicated workers' compensation award was rejected in Farley v. City of Claremore, 2020 OK 30, 465 P.3d 1213.

¶37 SunPower presents the issue of the extent of BJ's negligence liability, as an indemnitor,[52] for BJ's alleged negligence involving the death of Knox.[53] BJ's liability for alleged negligence causing the death of Knox, its employee, is not actionable against BJ's Oilfield because the workers' compensation "remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have." An employer may create another role by contract, but it cannot thereby create a common-law negligence liability in addition to the workers' compensation remedies which were created as a substitute for the same compensable physical injury.[54]

V. Analysis
V(B). Intentional Conduct and 85A O.S.Supp.2014, §5.

¶38 SunPower's petition in error states one issue is "[w]hether SunPower's Claims against BJ's fall under the intentional tort exception to the exclusive remedy provision of the OAWCA (Oklahoma Administrative Workers' Compensation Act)." The third-party petition by SunPower states in part: "The Petition alleges that BJ's was negligent and/or willfully negligent in certain manners regarding this matter, the Accident and/or Decedent's injuries and death. Petition, Nov. 12, 2021, Count I, No. 14. The amended petition alleged certain acts by BJ's Oilfield, such as BJ's having reason to know of a safety requirement and directing Knox to violate this safety requirement which allegedly resulted in his death. Amended Petition, July 1, 2022, Factual Allegations. The amended petition then states: "Such actions by BJ's establish willful liability and/or tort liability in excess of that which is protected by the exclusive remedy provisions of workers' compensation statutes." SunPower's oral argument in the trial court alleged "a case for an intentional tort here," but also included this reason as part of an argument needing BJ's Oilfield as a party for a jury to "apportion negligence." Tr. March 22, 2022.[55]

¶39 The exclusivity of workers' compensation remedies and liability in 85A O.S.Supp.2014, § 5 does not apply to an "intentional tort" as defined by this statute and consistent with other workers' compensation statutes.

B. Exclusive remedy shall not apply if: . . .

2. The injury was caused by an intentional tort committed by the employer. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The employee shall plead facts that show it is at least as likely as it is not that the employer acted with the purpose of injuring the employee. The issue of whether an act is an intentional tort shall be a question of law.

I. If the employer has failed to secure the payment of compensation as provided in this act or in the case of an intentional tort, the injured employee or his or her legal representative may maintain an action either before the Commission or in the district court, but not both.

85A O.S.Supp.2014, §5(B)(2) & (I). This exception was addressed in Farley v. City of Claremore, supra, where a widow of the deceased employee filed a workers' compensation claim, and after the award was made she also filed an action in the District Court against the employer. We explained the nature of the workers' compensation remedy as a substitute for a common-law negligence claim, and observed: "the accidental nature of an injury compensable by a workers' compensation remedy excludes the possibility that this same injury is simultaneously an 'intentional tort' injury caused by an employer" when the Commission has made an award. Id. 2020 OK 30, ¶30, 465 P.3d at 1229, citing 85A O.S.Supp.2014, § 5(B)(2), and the explanation that "the exclusive liability pursuant to the workers' compensation statutes does not apply if the injury is the result of an intentional tort caused by the employer." We explained that the widow was a party to the administrative proceeding and the award by the Workers' Compensation Commission against the employer had preclusive effect on her subsequent claim against the same employer in District Court. Id. 2020 OK 30, ¶30, 465 P.3d at 1229-30.

¶40 BJ's Oilfield Construction cites Farley for two related arguments. The first is that the injury to Knox was not an intentional tort because (1) a workers' compensation award occurred, and (2) language in Knox v. SunPower, No. 119,005, an unpublished opinion by the Oklahoma Court of Civil Appeals, contains the statement: "Plaintiff's Petition does not meet 85A O.S. § 5(B)(2)'s intentional tort because Plaintiff has not plead facts that show it is at least as likely as it is not that the employer (BJ's) acted with the purpose of injuring the employee, as required by Section 5(B)(2)."[56] BJ's motion states this means "as a matter of law, that no allegations of 'intentional' tortious acts have been plead or can be plead against BJ's."[57]

¶41 SunPower simply states it was not a named party before the Workers' Compensation Commission proceeding involving the death of Knox. The parties leave unaddressed issues and authority relating to principles of issue preclusion, how those issues are raised and proved, and their application to BJ's motion to dismiss testing the sufficiency of SunPower's petition.[58] Preserving error for appellate review of a motion to dismiss includes a party citing legal authority in the trial court for application to the alleged facts;[59] citing authority gives notice, unless excused,[60] to the trial judge and opposing party concerning the contested legal nature of a claim or defense within the procedural framework of the petition's allegations and 12 O.S.§ 2012 which lists several legal reasons which may be raised by the motion. While an estoppel may be applied within the context of a 12 O.S. § 2012(B)(6) motion, when a fact necessary for application of an estoppel is absent from the record an appellate court may not use an alleged estoppel as a reason for affirming a judgment.[61] The nature and extent of an estoppel alleged by BJ's cannot be determined based upon the trial court record before us. Our holding herein addresses the preserved issues relating to the sufficiency of the third-party petition and does not address estoppel-related issues.

¶42 The appellate caption in No. 119,005 has Knox as plaintiff/appellant and Moss as defendant/appellee. SunPower is named in the style as a defendant in the trial court. Moss was granted a motion to dismiss by the trial court and the appellate court reversed the order with a remand "for further proceedings consistent herewith" including discovery by the parties. Concerning Knox's appellate argument she should have been allowed to amend her pleading relating to an intentional tort, the appellate court stated "in its current form, Plaintiff's Petition does not meet 85A O.S. §5(B(2)'s intentional tort exception because Plaintiff has not plead facts" required to allege an intentional tort claim.[62] Generally, "an appellate court's decision settles and determines, not only all questions actually presented, but all questions existing in the record and involved in the decision by implication."[63] The appellate court expressly addressed Knox's failure to plead sufficient facts in a particular petition, and not whether facts could be pled for a cognizable intentional tort claim in a subsequent filing. Generally, when an appellate opinion reversed a trial court's judgment, did not determine an issue of fact due to a lack of proof, and the cause was remanded for further consistent proceedings, then a party may amend a pleading and present proof necessary for the issue of fact after the reversal and remand because: "the case then stands in the court below the same as if no trial had been had, and amendments may be filed and new issues formed not inconsistent with the issues passed upon by the Supreme Court."[64] BJ's Oilfield Construction presents no authority herein that Knox's insufficiency to plead facts in her pre-remand petition against Moss[65] made SunPower's subsequent third-party amended petition against BJ's Oilfield Construction insufficient as a matter of law as to an intentional tort claim by application of law-of-the-case, or estoppel, or some other theory.

¶43 The parties indicate that Knox's District Court claim is not against BJ's Oilfield as an employer, but a third-party action against non-employer parties based upon an alleged third-party negligence tort as authorized by 85A O.S.Supp.2014, § 43.

A. Liability Unaffected.

1. a. The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his or her dependents, to make a claim or maintain an action in court against any third party for the injury.

85A O.S.Supp.2014, § 43(A)(1)(a). The parties do not argue that Knox brought an action based upon allegations of intentional conduct by BJ's Oilfield. Rather, SunPower asserts BJ's Oilfield committed an intentional tort and the indemnity clause in the Moss/BJ's Oilfield contract includes indemnity for BJ's alleged intentional tort.

¶44 In New York, "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed," and a court may consider "the indemnification provision's list of potential grounds for claims," whether the grounds were "susceptible to third-party claims" or "exclusively or unequivocally referable to claims between the parties themselves," and, for example, whether the "indemnification clause at issue . . . is framed in language "typical of those which contemplate reimbursement when the indemnitee is required to pay damages on a third-party claim."[66] Similarly in Oklahoma, with a contract of indemnity generally governed by 15 O.S.2011, §§ 421-430 (Title 15, Chapter Ten, Indemnity), a court ascertains the intention of the parties and gives effect to that intention if it may be done consistently with legal principles, and the whole contract must be considered in arriving at such intent.[67]

¶45 SunPower states it has stated "a claim for contractual indemnity and implied indemnity. SunPower is identified as the "Owner," Moss as the "Contractor," and BJ's Oilfield is identified as the Subcontractor, in the Moss/BJ's Oilfield contract. The indemnity clause begins with "Subcontractor agrees to defend, indemnify and save harmless Contractor and Owner... from and against any claim, cost, expense, or liability . . . attributable to bodily injury, sickness, disease, or death . . . or occurring in connection with the performance of the Work by Subcontractor."

¶46 In response to BJ's motion to dismiss, SunPower states it has "stated a claim for contractual indemnity as a third-party beneficiary to the BJ's Subcontract." A beneficiary to a contract make seek its enforcement. 15 O.S.2011, §29.[68] The language of the indemnity clause in the Moss/BJ's contract is applicable to SunPower as a named contractual beneficiary of the indemnity language for the purpose of SunPower's allegations in its petition, and we need not analyze circumstances when an implied indemnity arising from circumstances may exist. The phrase in the contract that "any liability" "occurring in with the performance of the Work by Subcontractor" is sufficiently broad to include an allegation that intentional tort liability of BJ's Oilfield was subject to the indemnity agreement made by BJ's Oilfield.

¶47 SunPower's third-party petition is an effort to establish liability on behalf of BJ's Oilfield Construction in order to relieve SunPower from its alleged liability in an action brought by Knox's spouse. SunPower seeks to accomplish this purpose by alleging BJ's Oilfield Construction caused Knox's death by an intentional tort, and implying SunPower, as a third party to this alleged intentional tort, is not, or should not be, legally liable for an intentional tort caused by another. Although circumstances may exist when a third party is liable for the intentional conduct of another,[69] neither SunPower nor BJ's Oilfield Construction raise or brief when a third party is liable for another's intentional tort. We need not address this hypothetical issue on appellate review of an order granting BJ's motion to dismiss.[70]

¶48 BJ's Oilfield Construction does argue in support of its non-liability as an employer: "To be equitable as well as effective, this protection [by the exclusive nature of the workers' compensation remedy] must extend to all liability either directly or indirectly." (Explanatory phrase added.) The statute providing exclusivity of the workers' compensation remedies, 85A O.S.Supp.2014, §5, also expressly states this exclusivity does not apply to an employer's intentional tort. The exclusivity of the workers' compensation remedies is based upon the Legislature substituting an employee's common-law negligence remedy against an employer with the statutory remedies, and no statute is invoked for the concept that the exclusivity of the workers' compensation remedies extends "to all liability either directly or indirectly" when an employer is subject to a claim based upon an alleged intentional tort.

¶49 For our review of the facial sufficiency of SunPower's petition and within the arguments briefed by the parties, SunPower alleged the existence of a contractual indemnity that included liability based upon an alleged intentional tort by BJ's Oilfield Construction. We reverse the trial court's order granting the motion to dismiss and remand for further proceedings.

VI. Conclusion

¶50 SunPower's third-party petition is insufficient to state any negligence liability against BJ's Oilfield because: (1) A common-law negligence basis of liability was substituted by the workers' compensation remedy for the same physical injury pled in both the workers' compensation proceeding and in the District Court as one basis for the indemnity; and (2) BJ's Oilfield, as an employer, may not create an additional capacity or role for common-law negligence liability for the same physical injury used for a compensable workers' compensation award.

¶51 SunPower's third-party petition expressly alleged an intentional tort by BJ's Oilfield. The exclusive remedy and liability language of 85A O.S.Supp.2014, § 5 does not prevent an employer from creating an additional capacity or role by contractually agreeing to indemnify and hold harmless another for the employer's intentional torts. The contract between BJ's Oilfield and Moss contained an indemnity clause that expressly included SunPower as a beneficiary of the indemnification clause.

¶52 The order dismissing SunPower's third-party petition against BJ's Oilfield is reversed and the cause is remanded to the District Court for additional consistent proceedings.

¶53 CONCUR: KAUGER, EDMONDSON, COMBS, GURICH, AND DARBY, JJ.

¶54 CONCUR IN PART and DISSENT IN PART: KANE, C.J.; ROWE, V.C.J.

¶55 DISSENT: WINCHESTER and KUEHN, JJ.

FOOTNOTES

[1] Knox v. SunPower, Okla. Sup. Ct. No. 119,005 (Okla. Court of Civil Appeals, unpub. opin., March 19, 2021).

[2] Knox v. SunPower, Okla. Sup. Ct. No. 119,007 (Okla. Court of Civil Appeals, unpub. opin., March 19, 2021).

[3] Knox v. SunPower, Okla. Sup. Ct. No. 119,006 (Okla. Court of Civil Appeals, unpub. opin., March 19, 2021).

[4] Order (Okla. Sup. Ct. No. 121,047, April 10, 2023).

[5] Berkson v. State ex rel. Askins, 2023 OK 70, ¶29, 532 P.3d 36, 48.

[6] Guilbeau v. Durant H.M.A., LLC, 2023 OK 80, ¶7, 533 P.3d 764, 767.

[7] Wilson v. State ex rel. State Election Bd., 2012 OK 2, ¶ 4, 270 P.3d 155, 157 ("court must take as true all of the challenged pleading's allegations together with all reasonable inferences that can be drawn from them").

[8] Gaylord Entertainment Co. v. Thompson, 1998 OK 30, ¶4, n.10, 958 P.2d 128, 136.

[9] Tucker v. Cochran Firm-Criminal Defense Birmingham LLC, 2014 OK 112, ¶30, 341 P.3d 673, 684.

[10] Young v. Station 27, Inc., 2017 OK 68, ¶6, n.10, 404 P.3d 829, 833. Summary judgment is an adjudication on the merits of the controversy, based upon undisputed material facts, and must be denied if reasonable persons might reach different inferences or conclusions from the undisputed facts. Oklahoma Pub. Employees Ass'n v. Oklahoma Dep't of Central Servs., 2002 OK 71, ¶6, 55 P.3d 1072, 1076; Prudential Ins. Co. of America v. Glass, 1998 OK 52, ¶¶2-3, 959 P.2d 586, 588-89; Immel v. Tulsa Pub. Facilities Auth., 2021 OK 39, ¶11, 490 P.3d 135, 141.

[11] Berkson note 5 supra, 2023 OK 70, ¶37, 532 P.3d at 51.

[12] Farley v. City of Claremore, 2020 OK 30, ¶17, 465 P.3d 1213, 1224.

[13] State ex rel. Okla. State Bd. of Med. Licensure & Supervision v. Rivero, 2021 OK 31, ¶ 41, 489 P.3d 36, 52 ("An appellate standard of review is based upon factors such as the nature of (1) the proceeding in the lower tribunal, (2) the tribunal's decision, (3) the procedure used in the lower tribunal, and (4) the judicial or quasi-judicial discretion reviewed on appeal.").

[14] Miller v. Miller, 1998 OK 24, ¶15, 956 P.2d 887, 894.

[15] I.T.K. v. Mounds Public Schools, 2019 OK 59, ¶¶10-11, 451 P.3d 125, 131-32; see also Farley v. City of Claremore, supra note 12 at 2020 OK 30, n.31, 465 P.3d at 1224 (An adjudication of jurisdiction may be based upon an issue of fact.).

[16] Shero v. Grand Sav. Bank, 2007 OK 24, ¶4, 161 P.3d 298, 300 (pursuant to Okla. Sup. Ct. R. 1.36, parties' trial court filings serve as appellate briefs in an appeal from an order granting a motion to dismiss pursuant to 12 O.S. §2012, unless otherwise ordered by the appellate court).

[17] See, e.g., Berkson v. State ex rel. Askins, 2023 OK 70, ¶¶37-39, 532 P.3d 36, 51 (An appellant is required to supply an appellate record showing assigned error; and when the appellate record is silent on whether a controverted fact was adjudicated, or necessarily adjudicated, for the order sustaining a party's motion to dismiss that urged dismissal on an issue of law, then an appellate court may adjudicate the assignments of error on appeal that are based upon the parties' preserved arguments concerning the issue of law raised in the motion to dismiss.); Beyrer v. Mule, LLC, 2021 OK 45, ¶9, 496 P.3d 983, 986-987 (issues adjudicated by appellate court must be raised and preserved before the trial tribunal and properly raised and preserved in the appellate court).

[18] Farley v. City of Claremore, supra note 12, 2020 OK ¶¶17-18, 465 P.3d at 1224-1225.

[19] Tuffy's, Inc. v. City of Okla.City, 2009 OK 4, ¶6, 212 P.3d 1158, 1162-63.

[20] Dani v. Miller, 2016 OK 35, ¶¶10-11, 374 P.3d 779, 786 (material and citations omitted).

[21] Dani v. Miller, supra note 20, at ¶11, 374 P.3d at 786; see also Darrow v. Integris Health, Inc., 2008 OK 1, ¶ 7, 176 P.3d 1204, 1208 ("A motion to dismiss for failure to state a claim upon which relief may be granted will not be sustained unless it should appear without doubt that the plaintiff can prove no set of facts in support of the claim for relief.").

[22] The date of injury/death is October 16, 2017, and this date is used to determine both the jurisdiction of the Workers' Compensation Commission and the law in effect for the purpose of a wrongful death action. Farley v. City of Claremore, supra note 12, 2020 OK 30, ¶28, 465 P.3d at 1229. Section 5 was not amended between 2014 and 2019. 85A O.S.Supp.2019, § 5 (legislative history note); cf. 85A O.S.Supp.2019, § 3(C) ("The Administrative Workers' Compensation Act shall apply only to claims for injuries and death based on accidents which occur on or after February 1, 2014.").

[23] See also, Clay Elec. Co-op., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003) (the concept of duty is "linked to the concept of foreseeability and may arise from four general sources: '(1) legislative enactments or administrative regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case'" ) (quoting McCain v. Fla. Power Corp., 593 So.2d 500, 503 n. 2 (Fla.1992) and its reliance on the four sources stated in Restatement (Second) of Torts § 285 (1965) for determining the "standard of conduct" for a reasonable person).

[24] Trinity Baptist Church v. Brotherhood Mut. Ins. Services, LLC, 2014 OK 106, ¶22, 341 P.3d 75, 82-3 (citing Iglehart v. Bd. of Cty. Com'rs of Rogers Cty., 2002 OK 76, n. 17, 60 P.3d 497).

[25] An employer's creation of a second or dual simultaneous capacity was not sufficient, by itself, to create a legally cognizable common-law obligation outside the scope of the employer's workers' compensation obligation. Price v. Howard, 2010 OK 26, n.5, 236 P.3d 82, (the Court previously "held that an employer did not act in a dual capacity simply because it occupied the two-fold position of employer and manufacturer") (explaining Weber v. Armco, Inc., 1983 OK 53, 663 P.2d 1221).

[26] Odom v. Penske Truck Leasing Co., 2018 OK 23, ¶11, 415 P.3d 521, 526-27 ("[A]n employer who was generally immune from tort liability might become liable to their employee as a third-party tortfeasor," if the employer possessed a second capacity, or dual capacity, that conferred upon the employer obligations independent of those imposed upon the employer as an employer.).

[27] See, e.g., Farley v. City of Claremore, supra note 12, 2020 OK 30, ¶33, 465 P.3d at 1230-31 (dual-capacity doctrine did not allow a double recovery against employer by both tort and a workers' compensation remedy for the same physical injury by an employee).

[28] Dyke v. Saint Francis Hosp. Inc.,1993 OK 114, 861 P.2d 295, 300-01.

[29] Odom v. Penske Truck Leasing Co., supra note 26, 2018 OK 23, ¶ 14, 415 P.3d at 527 ("The plain language of 85A O.S.Supp.2013 § 5 unambiguously abrogates the dual-capacity doctrine with regard to employers as defined by the AWCA.").

[30] Braitsch v. City of Tulsa, 2018 OK 100, n.5, 436 P.3d 14, 21 (the Oklahoma Administrative Workers' Compensation Act, OAWCA, repealed and replaced the provisions of the Workers' Compensation Code effective February 1, 2014).

[31] Cattlemen's Steakhouse, Inc. v. Waldenville, 2013 OK 95, ¶15, 318 P.3d 1105, 1110.

[32] Reeds v. Walker, 2006 OK 43, n.60, 157 P.3d 100, 113 (citing 15 O.S.2001, §2 and Christian v. Metropolitan Life Ins. Co., 1977 OK 132, ¶15, 566 P.2d 445, 448).

[33] In re Vose, 2017 OK 3, ¶28, 390 P.3d 238, 249 ("extant applicable law is a part of every contract in this state as if it were expressly cited or its terms incorporated in the contract").

[34] Torres v. Seaboard Foods, LLC, 2016 OK 20, ¶30, n.54, 373 P.3d 1057, 1073 (citing Shepard v. Okla. Dept. of Corrections, 2015 OK 8, ¶ 18, 345 P.3d 377, 384).

[35] Holley v. Ace American Ins. Co.,2013 OK 88, ¶8, 313 P.3d 917, 920.

[36] 15 O.S.2011 § 2: "It is essential to the existence of a contract that there should be: 1. Parties capable of contracting. 2. Their consent. 3. A lawful object; and, 4. Sufficient cause or consideration.

[37] Brewer v. Bama Pie, Inc., 1964 OK 58, 390 P.2d 500, 502-503 (quoting Glielmi v. Netherland Dairy Co., Inc., 254 N.Y. 60, 171 N.E. 906, Cardozo, J., explaining a judicial determination whether an employment relationship exists is based upon legal consequences of facts showing the relationship, and not by a term in an "adroitly framed" contract); Carbajal v. Precision Builders, Inc., 2014 OK 62, ¶¶19, 25-26, 333 P.3d 258, 263, 264-65 (employer's I.R.S. forms not used by the employee and a notation on the memo line of one paycheck did not control whether individual was an employee); Starkey v. Okla. Dept. of Corrections, 2013 OK 43, ¶44, 305 P.3d 1004, 1020 ("legislative enactments are presumed constitutional").

[38] National Bank of Tulsa Building v. Goldsmith, 1951 OK 5, 226 P.2d 916, 920 (Court explained the legislation at issue "measurably limits the freedom of employer and employee to agree respecting terms of their employment," and "inures to the general welfare of the people," and was a permissible regulation of worker's compensation insurance contracts); see also Shepard v. Okla. Dept. of Corrections, 2015 OK 8, ¶18, n.27, 345 P.3d 377, 383-384 (a workers' compensation statute created using a police power is not controlled by parties' agreement made after the statute was enacted).

[39] See, e.g., Kpiele-Poda v. Patterson-UTI Energy, Inc., 2023 OK 11, ¶15, 525 P.3d 28, 33 ("Oklahoma's Administrative Workers' Compensation Act ('AWCA') places a duty upon employers to bear the responsibility for compensating employees for accidental personal injuries arising out of and in the course of employment.").

[40] See, e.g., Schlumberger Tech. Corp. v. Paredes, 2023 OK 42, ¶16, 528 P.3d 772 (discussed statutory provision that persona seeking benefits must file their claim within one to three years, depending upon the type of underlying injury or illness.); Hill v. American Med. Response, 2018 OK 57, ¶¶20-60, 423 P.3d 1119, 1128-1138 (party failed to show the state constitution was violated by a statutorily-required mandatory use of the AMA Guides, Sixth Edition).

[41] This list of four categories is not exhaustive for explaining how the Legislature has tied or linked an employee's remedies to statutorily defined events or circumstances.

[42] Historically, the exclusivity of the workers' compensation remedy was stated as a substitute in place of personal injury liability to employee with an employer's liability based upon a statutorily defined accidental personal injury experienced by the employee, and the exclusivity of the remedy was at the heart of the grand bargain between employers and employees. Odom v. Penske Truck Leasing Co., supra note 26, 2018 OK 23, ¶37, 415 P.3d at 532; Harter Concrete Products, Inc. v. Harris, 1979 OK 38, 592 P.2d 526, 528 (relying on 85 O.S.1971 § 12, an employee's remedy is a statutory "substitute remedy" in place of a common law remedy, and the employer is "protected from any other liability to the employee").

[43] Historically, liability was based upon an employee's accidental personal injury arising out of and in the course of employment. Barnhill v. Smithway Motor Express, 1999 OK 82, ¶11, 991 P.2d 527, 531 (workers' compensation compensable physical injury (1) arose out of employment, and (2) in the course of employment); Smith's Estate v. Hearon, 1967 OK 43, 424 P.2d 970 ("The phrase 'arising out of' denotes cause or origin of injury, while the phrase 'in the course of' denotes the time, place and circumstances when, at and under which an injury occurs.").

[44] When the employee was successful in a third-party action, the employer and its carrier possessed statutory subrogation rights "to the full extent of the compensation benefits paid the injured employee, and also to guard against the employee receiving double recovery," Prettyman v. Halliburton Co., 1992 OK 63, 841 P.2d 573, 577, as well as possessing a statutory recoupment claim in the event of a wrongful payout of proceeds in the third-party proceeding, ACCOSIF v. American States Insurance Co., 2000 OK 21, ¶7, 1 P.3d 987, 992.

[45] See notes 25, 27 and 44 supra.

[46] See, e.g., Farley v. City of Claremore, supra note 12, 2020 OK 30, ¶¶24-27, 51, 465 P.3d at 1227-28, 1239, (although a workers' compensation claim has different elements than those in a common-law negligence action, the workers' compensation claim acts as a substitute remedy for the same physical injury which would have been used for the injury element in a common-law negligence action brought prior to creation of the workers' compensation remedy); Bird v. Pruett's Food, Inc., 2023 OK 92, ¶7, 536 P.3d 578, 581 ("The material elements of a negligence claim are: (1) a duty owed by the defendant to protect the plaintiff from injury; (2) a failure to perform that duty; and (3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care.").

[47] Gowens v. Barstow, 2015 OK 85, ¶31, 364 P.3d 644, 655 (citing Paul v. N.L. Industries, Inc., 1980 OK 127, ¶ 5, 624 P.2d 68, 70).

A "ghost" tortfeasor is a non-party whose negligence must be judicially considered when "assessing proportionate fault in comparative negligence cases." Bode v. Clark Equipment Co., 1986 OK 21, 719 P.2d 824, 827 (citing with approval, Anderson v. Nat. Carriers, Inc., 10 Kan.App.2d 203, 695 P.2d 1293, 1298 (1985) where a subcontractor joined his principal, the injured party's employer, as a "phantom" party to the suit in order to have the employer's percentage of liability assessed by the jury although the employer was immune from negligence liability due to workers' compensation statutes).

[48] 15 O.S.2011, § 221, "Construction agreement" defined--Limitations on liability arsing out of death or bodily injury void--Exceptions

A. For purposes of this section, "construction agreement" means a contract, subcontract, or agreement for construction, alteration, renovation, repair, or maintenance of any building, building site, structure, highway, street, highway bridge, viaduct, water or sewer system, or other works dealing with construction, or for any moving, demolition, excavation, materials, or labor connected with such construction.

B. Except as provided in subsection C or D of this section, any provision in a construction agreement that requires an entity or that entity's surety or insurer to indemnify, insure, defend or hold harmless another entity against liability for damage arising out of death or bodily injury to persons, or damage to property, which arises out of the negligence or fault of the indemnitee, its agents, representatives, subcontractors, or suppliers, is void and unenforceable as against public policy.

C. The provisions of this section do not affect any provision in a construction agreement that requires an entity or that entity's surety or insurer to indemnify another entity against liability for damage arising out of death or bodily injury to persons, or damage to property, but such indemnification shall not exceed any amounts that are greater than that represented by the degree or percentage of negligence or fault attributable to the indemnitor, its agents, representatives, subcontractors, or suppliers.

D. This section shall not apply to construction bonds nor to contract clauses which require an entity to purchase a project-specific insurance policy, including owners' and contractors' protective liability insurance, project management protective liability insurance, or builder's risk insurance.

E. Any provision, covenant, clause or understanding in a construction agreement that conflicts with the provisions and intent of this section or attempts to circumvent this section by making the agreement subject to the laws of another state, or that requires any litigation, arbitration or other dispute resolution proceeding arising from the agreement to be conducted in another state, is void and unenforceable.

[49] Duncan v. Okla. Dept. of Corrections, 2004 OK 58, ¶6, 95 P.3d 1076, 1079 (statutory construction explained for seemingly conflicting statutes).

[50] 12 O.S.2011 § 832 (A): "A. When two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them except as provided in this section."

[51] 12 O.S.2011 §832(C): "C. There is no right of contribution in favor of any tort-feasor who has intentionally caused or contributed to the injury or wrongful death."

[52] Indemnity "is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties, or some other person." 15 O.S.2011, § 421. An indemnitee is "[t]he person who, in a contract of indemnity, is indemnified or protected by the other." Black's Law Dictionary 910 (4th ed. 1951). An indemnitor is [t]he person which is bound, by an indemnity contract, to indemnify or protect the other." Id.

[53] 15 O.S.2011, § 221(C) states in part concerning a "construction agreement:" "but such indemnification shall not exceed any amounts that are greater than that represented by...percentage of negligence attributable to the indemnitor." (Emphasis added).

[54] SunPower's argument implies without cited authority that the Legislature may create a statute giving an employer a contractual power to create a dual or additional capacity for the purpose of an indemnity agreement and create a waiver of employer's exclusive liability as to a class of individuals provided this class does not include injured employees, e.g., a dual capacity negligence liability for some but not all injured individuals or parties. This issue is hypothetical due to our construction of the mandatory language in 85A O.S.Supp.2014, § 5, and we need not address hypothetical issues. Tulsa Cty. Budget Bd. v. Tulsa Cty. Excise Bd., 2003 OK 103, n.31, 81 P.3d 662, 672 (Court does not answer hypothetical questions).

[55] See, e.g., Wells v. Oklahoma Roofing & Sheet Metal. LLC, 2019 OK 45, ¶3, 457 P.3d 1020, 1023-1024 (classifying the allegations in petition as alleging intentional conduct by the party and noting allegations of a required improper safety procedure with employer's knowledge).

[56] ROA, No. 121,047, BJ's Oilfield Construction, Inc.'s Motion to Dismiss Defendant SunPower Corporation Systems' Amended Third-Party Petition, July 21, 2022, at pg. 4, ¶8.

[57] Id.

[58] The parties do not address preclusive effect of an award by the Workers' Compensation Commission on non-parties to a Commission proceeding, or privity as it relates to preclusive effect of a Commission proceeding, or an estoppel used as a "sword" versus a "shield," or Oklahoma modification, if any, in the common law for preclusion or estoppel issues, or application of these principles to either review of the facial sufficiency of a party's allegations of fact in a petition or the extent, in fact, as to particular parties in the District Court litigation. See, e.g., In re Hyde, 2011 OK 31, ¶¶ 12-15, 255 P.3d 411, 415-16 (preclusive effect and privity discussed in the context of Workers' Compensation Court being bound by a finding in District Court); Anco Manufacturing & Supply Company, Inc. v. Swank, 1974 OK 78, 524 P.2d 7 (discussed estoppel); Taylor v. Sturgell, 553 U.S. 880, 891,128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008) (observing federal common law of preclusion is subject to due process limitations).

[59] I.T.K. v. Mounds Public Schools, 2019 OK 59, ¶13, 451 P.3d 125, 133 (error asserted on appeal must be preserved in the trial court with cited authority or the error is deemed waived).

[60] One of the reasons excusing the absence of notice occurs with the class of error known as "fundamental error" that is reviewable without a preserved exception. Capshaw v. Gulf Ins. Co., 2005 OK 5, n.30, 107 P.3d 595, 602.

[61] In re M.K.T., 2016 OK 4, ¶86, 368 P.3d 771, 798 ("we are unable to address issues clearly outside the record").

[62] Knox v. SunPower, No. 119,005, Opinion March 19, 2021, at ¶14 (emphasis added).

[63] Handy v. City of Lawton, 1992 OK 111, 835 P.2d 870, 873.

[64] Wood v. Reed, 1943 OK 120, 144 P.2d 108, 109; see also Oil Valley Petroleum, LLC v. Moore, 2023 OK 90, n.80, 536 P.3d 556, 577 (citing Smedsrud v. Powell, 2002 OK 87, ¶13, 61 P.3d 891, 896 (on a judgment's reversal and a cause remanded, it returns to the trial court as if the judgment had never been decided, save only for the settled law of the case); Parker v. Elam, 1992 OK 32, 829 P.2d 677, 682 ("On remand from a reversed judgment, the parties are entitled to introduce additional evidence, supplement the pleadings, and expand the issues, unless specifically limited by the proceedings in error.")).

[65] In a different appellate proceeding, Knox v. SunPower, No. 119,007, the appellate court reversed an order granting SunPower's motion to dismiss challenging Knox's petition against SunPower, and the appellate court's reversal was based upon SunPower's reliance upon extra-record facts, not the facial insufficiency of Knox's petition, and directed: "On remand, the trial court should allow the parties to conduct discovery...." Opinion, No.119,007, March 19, 2021, at ¶13.

[66] Gotham Partners, L.P. v. High Riv. Ltd. P'ship, 76 A.D.3d 203, 906 N.Y.S.2d 205, 207 [1st Dept. 2010], lv denied 17 N.Y.3d 713, 957 N.E.2d 1157, 933 N.Y.S.2d 653 [2011] (explaining Hooper Assoc. v. AGS Computers, 74 N.Y.2d 487, 549 N.Y.S.2d 365, 548 N.E.2d 903 [1989]).

[67] Luke v. American Surety Co. of New York, 1941 OK 138, 114 P.2d 950, 951-52.

[68] 15 O.S.2011 §29: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." See also, Keel v. Titan Constr. Corp., 1981 OK 148, 639 P.2d 1228, 1231 (while it is not necessary that the party be specifically named as a beneficiary, the contract must be made for the benefit of the third person in direct or unmistakable terms).

[69] See, e.g., Keel v. Hainline, 1958 OK 201, 331 P.2d 397 (conduct that "aided and abetted" another throwing an object that struck the plaintiff); Restatement (Second) of Torts § 876 (1965) (persons acting in concert, "for harm resulting to a third person from the tortious conduct of another"); Gaines -Tabb v. CI Explosives, USA, Inc., 160 F.3d 613, 620-21 (10thCir. 1998) (quoting Lockhart v. Loosen, 1997 OK 103, 943 P.2d 1074, 1080 (exception to principle that a third person's intentional tort is a supervening cause) (citing Lay v. Dworman, 1986 OK 85, 732 P.2d 455, 458--59, which discussed Restatement (Second) of Torts § 448 and landlord liability involving third-party criminal acts); Baker v. Saint Francis Hosp., 2005 OK 36, 126 P.3d 602, 605 (explaining Rodebush v. Oklahoma Nursing Homes, Ltd., 1993 OK 160, 867 P.2d 1241, 1245 ("An employer may be held responsible for the tort committed by employee where the act is incidental to an done in furtherance of the business of the employer even though the servant or agent acted in excess of the authority or willfully or maliciously committed the wrongs.").

[70] Tulsa Cty. Budget Bd. supra at note 54.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1986 OK 85, 732 P.2d 455, 57 OBJ 3078, 
Lay v. Dworman
Discussed

 
1992 OK 32, 829 P.2d 677, 63 OBJ 696, 
Parker v. Elam
Discussed

 
1992 OK 63, 841 P.2d 573, 63 OBJ 1359, 
Prettyman v. Halliburton Co.
Discussed

 
1992 OK 111, 835 P.2d 870, 63 OBJ 2309, 
Handy v. City of Lawton
Discussed

 
1993 OK 114, 861 P.2d 295, 64 OBJ 2864, 
Dyke v. Saint Francis Hosp., Inc.
Discussed

 
1993 OK 160, 867 P.2d 1241, 64 OBJ 3709, 
Rodebush By and Through Rodebush v. Oklahoma Nursing Homes, Ltd.
Discussed

 
1997 OK 103, 943 P.2d 1074, 68 OBJ 2550, 
LOCKHART v. LOOSEN
Discussed

 
1958 OK 201, 331 P.2d 397, 
KEEL v. HAINLINE
Discussed

 
1964 OK 58, 390 P.2d 500, 
BREWER v. BAMA PIE, INC.
Discussed

 
1967 OK 43, 424 P.2d 970, 
ESTATE OF SMITH v. HEARON
Discussed

 
1931 OK 96, 299 P. 425, 148 Okla. 107, 
SOUTHLAND COTTON OIL CO. v. RENSHAW
Discussed

 
2002 OK 71, 55 P.3d 1072, 
OKLAHOMA PUBLIC EMPLOYEES ASSOCIATION v. OKLAHOMA DEPT. OF CENTRAL SERVICES
Discussed

 
1974 OK 78, 524 P.2d 7, 
ANCO MFG. & SUPPLY COMPANY, INC. v. SWANK
Discussed

 
2002 OK 76, 60 P.3d 497, 
IGLEHART v. BOARD OF COUNTY COMMISSIONERS OF ROGERS COUNTY
Discussed

 
2002 OK 87, 61 P.3d 891, 
SMEDSRUD v. POWELL
Discussed

 
2003 OK 103, 81 P.3d 662, 
TULSA COUNTY BUDGET BOARD v. TULSA COUNTY EXCISE BOARD
Discussed

 
2004 OK 58, 95 P.3d 1076, 
DUNCAN v. OKLAHOMA DEPT. OF CORRECTIONS
Discussed

 
2005 OK 5, 107 P.3d 595, 
CAPSHAW v. GULF INSURANCE COMPANY
Discussed

 
2005 OK 36, 126 P.3d 602, 
BAKER v. SAINT FRANCIS HOSPITAL
Discussed

 
2006 OK 43, 157 P.3d 100, 
REEDS v. WALKER
Discussed

 
2007 OK 24, 161 P.3d 298, 
SHERO v. GRAND SAVINGS BANK
Discussed

 
2008 OK 1, 176 P.3d 1204, 
DARROW v. INTEGRIS HEALTH, INC.
Discussed

 
2009 OK 4, 212 P.3d 1158, 
TUFFY'S, INC. v. CITY OF OKLAHOMA CITY
Discussed

 
2010 OK 26, 236 P.3d 82, 
PRICE v. HOWARD
Discussed

 
2011 OK 31, 255 P.3d 411, 
IN THE MATTER OF THE DEATH OF HYDE
Discussed

 
2012 OK 2, 270 P.3d 155, 
WILSON v. STATE ex rel. STATE ELECTION BOARD
Discussed

 
2013 OK 43, 305 P.3d 1004, 
STARKEY v. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed

 
2013 OK 88, 313 P.3d 917, 
HOLLEY v. ACE AMERICAN INSURANCE COMPANY
Discussed

 
2013 OK 95, 318 P.3d 1105, 
CATTLEMEN'S STEAKHOUSE, INC. v. WALDENVILLE
Discussed

 
2014 OK 62, 333 P.3d 258, 
CARBAJAL v. PRECISION BUILDERS, INC.
Discussed

 
2014 OK 106, 341 P.3d 75, 
TRINITY BAPTIST CHURCH v. BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC
Discussed

 
2014 OK 112, 341 P.3d 673, 
TUCKER v. THE COCHRAN FIRM-CRIMINAL DEFENSE BIRMINGHAM L.L.C.
Discussed

 
1977 OK 132, 566 P.2d 445, 
CHRISTIAN v. METROPOLITAN LIFE INS. CO.
Discussed

 
2015 OK 8, 345 P.3d 377, 
SHEPARD v. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed at Length

 
2015 OK 85, 364 P.3d 644, 
GOWENS v. BARSTOW
Discussed

 
2016 OK 4, 368 P.3d 771, 
IN THE MATTER OF M.K.T.
Discussed

 
2016 OK 20, 373 P.3d 1057, 
TORRES v. SEABOARD FOODS, LLC
Discussed

 
2016 OK 35, 374 P.3d 779, 
DANI v. MILLER
Discussed

 
1979 OK 38, 592 P.2d 526, 
HARTER CONCRETE PRODUCTS, INC. v. HARRIS
Discussed

 
2017 OK 3, 390 P.3d 238, 
IN THE MATTER OF THE ESTATE OF VOSE
Discussed

 
2017 OK 68, 404 P.3d 829, 
YOUNG v. STATION 27, INC.
Discussed

 
1980 OK 127, 624 P.2d 68, 
Paul v. N. L. Industries, Inc.
Discussed

 
2018 OK 23, 415 P.3d 521, 
ODOM v. PENSKE TRUCK LEASING CO.
Discussed at Length

 
2018 OK 57, 423 P.3d 1119, 
HILL v. AMERICAN MEDICAL RESPONSE
Discussed

 
2018 OK 100, 436 P.3d 14, 
BRAITSCH v. CITY OF TULSA
Discussed

 
2019 OK 45, 457 P.3d 1020, 
WELLS v. OKLAHOMA ROOFING & SHEET METAL
Discussed

 
2019 OK 59, 451 P.3d 125, 
I. T. K. v. MOUNDS PUBLIC SCHOOLS
Discussed at Length

 
2020 OK 30, 465 P.3d 1213, 
FARLEY v. CITY OF CLAREMORE
Discussed at Length

 
2021 OK 31, 489 P.3d 36, 
STATE ex rel. OKLA. STATE BD. OF MEDICAL LICENSURE AND SUPERVISION v. RIVERO
Discussed

 
2021 OK 39, 490 P.3d 135, 
IMMEL v. TULSA PUBLIC FACILITIES AUTHORITY
Discussed

 
2000 OK 21, 1 P.3d 987, 71 OBJ 778, 
ACCOSIF v. American States Ins. Co.
Discussed

 
2021 OK 45, 496 P.3d 983, 
BEYRER v. THE MULE
Discussed

 
2023 OK 11, 525 P.3d 28, 
KPIELE-PODA v. PATTERSON-UTI ENERGY
Discussed

 
2023 OK 42, 528 P.3d 772, 
SCHLUMBERGER TECHNOLOGY CORP. v. PAREDES
Discussed

 
2023 OK 70, 532 P.3d 36, 
BERKSON v. STATE ex rel. ASKINS AS ADMINISTRATIVE DIRECTOR OF THE COURTS
Discussed at Length

 
2023 OK 80, 
GUILBEAU v. DURANT H.M.A.
Cited

 
2023 OK 90, 
OIL VALLEY PETROLEUM v. MOORE
Cited

 
2023 OK 92, 
BIRD v. PRUETT'S FOOD
Cited

 
1981 OK 148, 639 P.2d 1228, 
Keel v. Titan Const. Corp.
Discussed

 
1951 OK 5, 226 P.2d 916, 204 Okla. 45, 
NATIONAL BANK OF TULSA BLDG. v. GOLDSMITH
Discussed

 
1998 OK 24, 956 P.2d 887, 69 OBJ 1172, 
MILLER v. MILLER
Discussed

 
1998 OK 30, 958 P.2d 128, 69 OBJ 1404, 
GAYLORD ENTERTAINMENT CO. v. THOMPSON
Discussed

 
1998 OK 52, 959 P.2d 586, 69 OBJ 2148, 
PRUDENTIAL INSURANCE CO. v. GLASS
Discussed

 
1999 OK 82, 991 P.2d 527, 70 OBJ 2946, 
Barnhill v. Smithway Motor Express
Discussed

 
1943 OK 120, 135 P.2d 489, 192 Okla. 310, 
KANSAS OKLAHOMA & GULF R. CO. v. PRYOR
Cited

 
1943 OK 420, 144 P.2d 108, 193 Okla. 356, 
WOOD v. REED
Cited

 
1941 OK 138, 114 P.2d 950, 189 Okla. 220, 
LUKE v. AMERICAN SUR. CO.
Discussed

 
1983 OK 53, 663 P.2d 1221, 
Weber v. Armco, Inc.
Discussed

 
1986 OK 21, 719 P.2d 824, 57 OBJ 1207, 
Bode v. Clark Equipment Co.
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 832, 
Joint Tort-Feasors - Contribution - Indemnity - Exemptions
Discussed at Length

 
12 O.S. 994, 
Procedure When There is More Than One Claim or Party - Final Judgment
Cited

 
12 O.S. 2012, 
Defenses and Objections - When and How Presented - By Pleading or Motion
Discussed at Length

Title 15. Contracts

 
Cite
Name
Level

 
15 O.S. 221, 
Construction Agreement - Insurance and Indemnity - Circumvention Void
Discussed at Length

 
15 O.S. 2, 
Essential Elements of Contract
Discussed

 
15 O.S. 29, 
Enforcement of Contract by Third Party Beneficiary
Discussed

 
15 O.S. 421, 
"Indemnity" Defined
Cited

Title 85. Workers' Compensation

 
Cite
Name
Level

 
85 O.S. 12, 
Repealed
Cited

Title 85A. Workers' Compensation

 
Cite
Name
Level

 
85A O.S. 2, 
Definitions
Discussed at Length

 
85A O.S. 3, 
Applicability of Act
Cited

 
85A O.S. 5, 
Exclusivity
Discussed at Length

 
85A O.S. 43, 
Compensation Insurance - Liability - Subrogation
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA